Kevin P. CHAVOUS, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA FINANCIAL RESPONSIBILITY AND MANAGEMENT ASSISTANCE AUTHORITY, et al., Defendants.

No. CIV.A. 01–0921.

United States District Court, District of Columbia.

May 21, 2001.

Elizabeth ·B. Sandza, David Mitchell Ross, Jr., Leboeuf, Lamb, Greene, Macrae, L.L.P., Washington, DC, for plaintiffs.

Daniel A. Rezneck, D.C. Financial Responsibility & Management Assistance Author., David A. Hickerson, Weil, Gotshal & Manges, L.L.P., Robert C. Utiger, Office of Corporation Counsel, D.C., for defendants.

Carl A. Messineo, Partnership for Civil Justice, Inc., Washington, DC, for movants.

James Hiram Lesar, Washington, DC, amicus.

## MEMORANDUM ORDER

ROBINSON, United States Magistrate Judge.

This action was referred to the undersigned United States Magistrate Judge for resolution of the parties' discovery disputes. Two motions which concern the conduct of

discovery are pending for determination by the undersigned: (1) plaintiffs' Motion to Compel Production of PriceWaterhouseCoopers Due Diligence Report (Docket No. 6); and (2) Motion of District of Columbia Financial Responsibility and Management Assistance Authority (the "Control Board"), Dr. Alice M. Rivlin and Francis S. Smith to Quash Notices of Deposition (Docket No. 7). Also pending are the parties' dispositive motions: plaintiffs have moved for summary judgment, and each of the defendants has filed a motion to dismiss. Oral argument with respect to plaintiffs' motion for preliminary injunction and the parties' dispositive motions is scheduled for June 8, 2001.[1]

On May 18, 2001, the undersigned heard the arguments of counsel with respect to the two motions which concern the conduct of discovery.[2] Upon consideration of plaintiffs' motion to compel and defendant Control Board's motion to quash; the memoranda in support thereof and in opposition thereto; the proffer of evidence by plaintiffs' counsel; the arguments of all counsel and the entire record herein, all discovery, including further consideration of the motion to compel and motion to quash, will be stayed pending determination of the parties' dispositive motions.

## DISCUSSION

### I. Exercise of Discretion to Stay Discovery

▉ It has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery. *See, e.g., Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, Chauffeurs, Warehouse-*

men and Helpers, 494 F.2d 1092, 1100 (D.C.Cir.1974); FED.R.CIV.P. 26. It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion:

> A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.

*Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir.1987) (citations omitted); *see Ladd v. Equicredit Corp. of Am.,* No. CIV.A. 00–2688, 2001 WL 175236, at *1 (E.D.La. Feb. 21, 2001); *White v. Fraternal Order of Police,* 909 F.2d 512, 517 (D.C.Cir.1990).

In accordance with this broad discretion, this court (Oberdorfer, J.) has observed that

> [i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.

*Anderson v. United States Attorneys Office,* No. CIV.A. 91–2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992). A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Department of Energy,* 84 F.R.D. 278, 282 (D.Del.1979) (citations omitted).

▉ In *Anderson,* a motion to dismiss that would have been dispositive of all of the issues was pending when the court considered plaintiff's motion to compel discovery

---

1. On April 30, counsel for plaintiffs, defendant Control Board and defendant District of Columbia appeared before the court (Roberts, J.) for a hearing on plaintiffs' motion for a temporary restraining order. Plaintiffs suggested that the parties agree that the status quo be maintained for "thirty or sixty days[.]" Transcript of Proceedings Before the Honorable Richard W. Roberts ("Transcript"), p. 3. After hearing the arguments of counsel, the court denied the request for a temporary restraining order. Transcript, p. 84. The court asked plaintiffs' counsel to respond to defendant Control Board's proposal that the court schedule a consolidated hearing on the motion for a preliminary injunction and cross-motions for summary judgment. Plaintiffs' counsel said that

[w]e're going to embrace that, your honor, and we'd like to do so on the most expedited basis. Transcript, p. 84.

2. At the hearing, plaintiffs withdrew the motion to compel with respect to defendant Greater Southeast Community Hospital Corporation I ("Greater Southeast") upon consideration of the representation of Greater Southeast that it does not have possession, custody or control of the requested documents. *See* Defendant Greater Southeast Community Hospital Corporation I's Opposition to Plaintiffs' Motion to Compel Production of PriceWaterhouseCoopers Due Diligence Report at 1.

and defendant's motion for protective order. In this action, each defendant has filed a motion to dismiss. Perhaps more significantly, plaintiffs have filed a motion for summary judgment, and in it, state that "there is no genuine dispute as to any material fact and that based on the undisputed material facts Plaintiffs are entitled to judgment in their favor as a matter of law." Plaintiffs' Motion for Summary Judgment (Docket No. 10) at 1. At the May 18 hearing, plaintiffs and defendant Control Board agreed that either plaintiffs' motion for summary judgment or defendant Control Board's motion to dismiss, if granted, would be "thoroughly dispositive." *See Anderson*, 1992 WL 159186, at *1. While a stay of discovery pending determination of a motion to dismiss "is rarely appropriate when the pending motion will not dispose of the entire case[,]" *Keystone Coke Co. v. Pasquale*, No. CIV.A. 97–6074, 1999 WL 46622, at *1 (E.D.Pa. Jan. 7, 1999), no such concern exists here, since the parties agree that the grant of either plaintiffs' motion for summary judgment or defendant Control Board's motion to dismiss will be dispositive of "the entire case." *See also Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla.1997) ("the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion.").

■ Plaintiffs do not contend—nor did they at the April 30 hearing—that they would be unable to file their oppositions to defendants' motions to dismiss in the absence of such discovery.[3] A trial court "ordinarily should not stay discovery which is necessary to gather facts in order to defend against [a] motion [to dismiss]." *Feldman*, 176 F.R.D. at 652; *cf. Coastal States Gas Corp.*, 84 F.R.D. at 282 ("discovery should precede

consideration of dispositive motions when the facts sought to be discovered are relevant to consideration of the particular motion at hand."). However, plaintiffs have never suggested that they need the discovery they now seek in order to oppose the pending motions to dismiss.[4]

In the memorandum in support of their motion for summary judgment, plaintiffs state that they have sought to compel the production of the PriceWaterhouseCoopers due diligence reports, and to depose Dr. Rivlin and Mr. Smith. Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 4, n. 1. While plaintiffs state that they "reserve the right to supplement the undisputed material facts" with the report and the deposition testimony, they do not contend that their motion is premature or incomplete without such discovery. While a trial court could well be found to have abused its discretion by staying discovery where it is necessary for the party *opposing* summary judgment to develop "additional facts," *see Moore v. United States*, 213 F.3d 705, 710 n. 3 (D.C.Cir. 2000), no authority supports plaintiffs' effort to concurrently *move* for summary judgment and take discovery regarding the issues addressed in the motion.

## II. Absence of Prejudice to Plaintiffs

■ In the determination of whether to stay discovery while pending dispositive motions are decided, the trial court "inevitably must balance the harm produced by a delay in discovery against the possibility that [a dispositive] motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. The undersigned finds that plaintiffs have not demon-

---

3. *See* n. 1, *supra*.

4. This court (Penn, J.) has previously held that a "bald assertion" by a defendant that its motion to dismiss will be granted, or that discovery would be burdensome, is generally insufficient to justify the entry of an order staying discovery. *People With AIDS Health Group v. Burroughs Wellcome Co.*, No. CIV.A. 91–0574, 1991 WL 221179, at *1. However, the facts of the instant action is distinguishable in two material respects. First, plaintiffs in this action have moved for summary judgment. Second, the significant privilege issues presented by the plain-

tiffs' discovery requests warrant the conclusion that permitting discovery before the need for such discovery is determined would be wasteful and inefficient. *See Coastal States Gas Corp.*, 84 F.R.D. at 282; *cf. Maljack Prod., Inc. v. Motion Picture Ass'n of Am.*, No. CIV.A. 90–1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) ("avoidance of potentially unnecessary discovery is warranted" where a motion to dismiss is pending and plaintiff would not be prejudiced by a stay of discovery pending determination of the motion to dismiss).

strated that they would be harmed by a stay of discovery pending determination of the dispositive motions. When asked at the hearing what prejudice plaintiffs would suffer if discovery were stayed, plaintiffs' counsel responded that the plaintiffs would be prejudiced by (1) the continued violation of their constitutional rights,[5] and (2) the compromise of appropriate health care resulting from the reduction of services at D.C. General Hospital.

With respect to the first claim of prejudice, the undersigned finds that there is no nexus between the discovery plaintiffs now seek and the alleged violation of the constitutional rights of plaintiffs Chavous and Catania. The only violation of any constitutional right alleged in this action is that the right of plaintiffs Chavous and Catania "to cast unimpeded votes" was infringed by defendant Control Board. *See* First Amended Complaint, Count Two, ¶¶ 45–49. The constitutional violation alleged is therefore wholly independent of any facts which could be developed through either the production of the due diligence reports, or the depositions of Dr. Rivlin and Mr. Smith. The undersigned cannot find that plaintiffs would be prejudiced by a stay of discovery where the discovery sought is not relevant to the claims or defenses of any of the parties, or even relevant to the subject matter involved in this action. *See* FED.R.CIV.P. 26(b)(1).

With respect to the second claim of prejudice, the undersigned finds that there is no nexus between the discovery plaintiffs now seek and any compromise of health care resulting from the reduction of services at D.C. General Hospital. Access to health care is undeniably a matter of grave public concern. However, it is not the issue presented by plaintiffs in this action; rather, plaintiffs allege only that defendant Control Board exceeded the scope of its statutory authority, and that it violated the constitutional rights of plaintiffs Chavous and Catania.[6] Thus, the undersigned again finds that plaintiffs would not be prejudiced by a stay of discovery regarding matters which are not relevant to the claims or defenses of any party, or even relevant to the subject matter of this action.[7] *See* FED.R.CIV.P. 26(b)(1).

Finally, the undersigned finds that plaintiffs have offered no cogent explanation for their failure to inform the court, when they appeared for oral argument on their motion for a temporary restraining order, that they required discovery before the briefing of dispositive motions could be completed, or to request leave to take such discovery.[8] Defendant Control Board, at the hearing before the undersigned, suggested that this failure indicates that discovery was "an afterthought." In response, plaintiffs' counsel claimed simply that counsel "didn't think about it"; however, this self-deprecating explanation undermines plaintiffs' claim that they now require discovery in order "to make [their] best argument for summary judgment."[9]

---

5. Plaintiffs, in their three-count First Amended Complaint, allege, *inter alia*, that plaintiffs Chavous and Catania, members of the D.C. City Council, "have a constitutionally protected right to cast unimpeded votes on issues of public importance." First Amended Complaint, Count Two, ¶ 46. Plaintiffs also allege that defendant Control Board exceeded the scope of its statutory authority (Count One), and seek to enjoin defendants Greater Southeast and the District of Columbia "from acting in furtherance of" the contract the Control Board entered with Greater Southeast (Count Three).

6. *See* n. 5, *supra.*

7. For example, in the memorandum in support of their motion for summary judgment, plaintiffs state that the due diligence reports "[are] essential to an evaluation of whether Greater Southeast will be able to provide equivalent volume and types of services to D.C. General and whether Greater Southeast will meet adequate standards of quality and accessibility." Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment at 4, n. 1. However, this issue is not before the court in this action. For that reason, the undersigned denied the request of plaintiffs' counsel that plaintiff Catania be permitted to either "address the court," or testify, to relate the details of reports that some ambulance drivers recently found that the emergency rooms at some local hospitals were closed.

8. *See* n. 1, *supra.*

9. Plaintiffs' counsel referred to the due diligence reports at the April 30 hearing, but never asked that they be produced. Transcript, p. 23. Plaintiffs' counsel's discussion of the reports was limited to the concern that the executive summary plaintiffs received "still doesn't have the detail

## CONCLUSION

■ Plaintiffs have failed to articulate any reason which would warrant a departure from the authorities which hold that a trial court properly exercises its discretion to stay discovery where a motion which would be entirely dispositive if granted is pending; the discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion; and the party who seeks discovery would not be prejudiced by a stay. A stay of discovery in the circumstances presented here furthers the ends of economy and efficiency, since if either the plaintiffs' dispositive motion or defendant Control Board's dispositive motion is granted, there will be no need for discovery. If both dispositive motions are denied, then the court will undertake an informed consideration of what discovery is appropriate in the context of the issues actually before the court.

It is, therefore, this ____ day of May, 2001,

**ORDERED** that all discovery, including further consideration of plaintiffs' motion to compel (Docket No. 6) and the Control Board's motion to quash notices of deposition (Docket No. 7), is **STAYED** pending determination of the parties' dispositive motions.

that tells us whether these entities can do what they promise to do for the price they promise to pay"; however, that is not an issue in this action. *See* n. 5, *supra*. The only reference to discovery at the April 30 hearing was by counsel for the Control Board, who said of an issue raised by plaintiffs that "I'd like to know more about it if we have to go forward with discovery which I hope we won't because I'm hopeful that this can be resolved on cross-motions." Transcript, p. 47. Plaintiffs' counsel never disputed this proposition.