William G. **MOORE**, Jr., et al., Plaintiffs,

v.

Michael **HARTMAN** et al., Defendants.

Civil Action No. 92–2288 (RMU).

United States District Court, District of Columbia.

Aug. 30, 2004.

---

Daniel H. Bromberg, Joseph M. David, Jones Day, James, Edward, Anklam, Paul, Hastings, Janofsky & Walker, L.L.P.,

Thaddeus J. Burns, Washington, DC, David, Elliott, Miller, Jones Day, Houston, TX, Ira L. Podheiser, John J. Mead, Paul Michael Pohl, Jones, Day, Reavis & Pogue, Pittsburgh, PA, for Plaintiff.

Andrea W. McCarthy, David F. Legge, Elizabeth S. Mattioni, Richard Montague, Matthew, Thaddeus, Fricker, Washington, DC, for Defendant.

## *MEMORANDUM OPINION*

URBINA, District Judge.

### Denying the Defendant's Motion For a Ruling; Denying the Defendant's Motion for Reconsideration

### I. INTRODUCTION

This matter comes before the court on the defendant United States' motion for a ruling on its motion to strike and for reconsideration of Judge Norma Holloway Johnson's August 5, 2003 order denying summary judgment to the United States.[1] The defendant argues that Judge Johnson "inadvertently" failed to rule on the defendant's motion to strike the plaintiff's statement of disputed material facts prior to denying the defendant's motion for summary judgment. The plaintiff responds that Judge Johnson impliedly denied the motion to strike by denying the defendant's motion for summary judgment. Furthermore, the plaintiff argues that the defendant's request for reconsideration of Judge Johnson's order is a transparent attempt to reargue points in this court that the defendant already lost in front of Judge Johnson. For the reasons that follow, the court denies the motion for a ruling and denies the motion for reconsideration.

---

1. The Calendar Committee for the United States District Court for the District of Co-lumbia reassigned the case to this court in November 2003.

## II. BACKGROUND

The facts of the underlying case are set forth in numerous prior opinions and the court will not recount them in great detail here. *E.g., Moore v. United States,* 213 F.3d 705 (D.C.Cir.2000); *Moore v. Valder,* 65 F.3d 189 (D.C.Cir.1995). In 1989, after a district court found insufficient evidence to support a reasonable inference that Mr. Moore ("the plaintiff") was aware of a scheme to defraud and steal from the United States Postal Service, the plaintiff brought separate *Bivens*[2] and Federal Tort Claims Act ("FTCA") claims in the Northern District of Texas against, *inter alia,* the Assistant United States Attorney ("AUSA") who had just prosecuted him and the Postal Inspectors who had assisted in the case. *Valder,* 65 F.3d at 191. The federal court in Texas dismissed the *Bivens* claims against the AUSA and transferred both cases to this district, where Judge Johnson consolidated the cases for all future purposes. *Id.* at 192.

Years of litigation have whittled down the plaintiff's original cases to (1) a *Bivens* claim against the Postal Inspectors now on interlocutory appeal on the issue of qualified immunity, and (2) a claim against the Postal Inspectors under the FTCA for malicious prosecution. *See* Joint Status Report (Mar. 8, 2004) at 2. The court today addresses the latter claim, on which Judge Johnson found a sufficient dispute of material facts to deny the defendant's motion for summary judgment.[3] *Id.* at 6. Normally the court would be proceeding to trial in this case, but the defendant has asked for a ruling on its motion to strike the statement of disputed material facts that the plaintiff filed prior to Judge Johnson's decision.[4] As the defendant argues, Judge Johnson's "by all indications inadvertent" oversight in ruling on the motion for summary judgment without addressing the motion to strike was "highly prejudicial to the United States in this litigation." Def.'s Mot. for Ruling on Mot. to Strike and for Reconsid. ("Def.'s Mot.") at 10. Of course, what the defendant is really concerned about is not whether plaintiff complied with the local rules. "If the [c]ourt considers and grants the United States' motion to strike, justice requires that the Order denying summary judgment be reconsidered." *Id.* The defendant, in short, would like the court to reconsider the government's motion for summary judgment.

## III. ANALYSIS

### A. The Court Denies the Defendant's Motion for a Ruling

The defendant's request for a ruling on the motion to strike cannot be addressed without determining whether Judge Johnson's order impliedly resolved that motion. The defendant argues in its motion to strike that the plaintiff's "lengthy [Rule

---

**2.** *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**3.** Judge Johnson held that, "[u]pon consideration of the motion of the defendants, United States, and Michael Hartman, et al., for summary judgment and the response thereto, the Motion for Summary Judgment is DENIED. There are material facts in dispute. The most significant are the facts surrounding the presentation of evidence to the grand jury and the disclosure of grand jury testimony to a key prosecution witness." Order (Aug. 5, 2003).

**4.** The plaintiff submitted this statement of material facts pursuant to Local Rule 7.1(h), now Rule 7(h). "Rule 7.1(h) requires a party moving for summary judgment to provide a statement identifying the undisputed facts that entitle it to judgment as a matter of law, and directs the nonmoving party to respond with a statement listing the facts 'as to which it is contended there exists a genuine issue necessary to be litigated.'" *Waterhouse v. District of Columbia,* 298 F.3d 989, 991 n. 2 (D.C.Cir. 2002) (quoting LCvR 7.1(h)).

7.1(h) ] statements are so laced with irrelevancies, rhetoric and legal conclusion that it is impossible to discern from them what [the plaintiff] thinks are the material facts genuinely in dispute." Def.'s Mot. to Strike at 6. The plaintiff objects to this characterization, stating that he "methodically responded to each of the more than 135 paragraphs set forth in the statements accompanying [the defendant's] motions for summary judgment with specific factual contentions supported by record citations." Pl.'s Opp'n to Mot. to Strike at 2.

Both parties now dispute whether the plaintiff's statement of disputed facts violated Local Rule 7(h). Much of the defendant's argument ignores the purpose of Rule 7(h), however, which is to "assist[ ] the district court to maintain docket control and to decide motions for summary judgment efficiently and effectively." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C.Cir.1996). As the court in *Jackson* indicated, Rule 7(h) exists to help the judge; it "places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record." *Id.* at 151. Once a court rules on a motion for summary judgment, however, Rule 7(h) has largely served its purpose. Moreover, if the parties disagree over a Rule 7(h) submission, the court will presumably have before it the briefing on that disagreement, as did Judge Johnson for more than a year before she ruled on the summary judgment motion.

Because the summary judgment stage of this case is now over, the court is reluctant to revisit a motion regarding a rule designed to facilitate the adjudication of summary judgment. If the defendant had brought to this court's attention a misrepresentation in the plaintiff's Rule 7(h) statement on which Judge Johnson expressly relied, the court would have cause to address the matter. But the defendant brings nothing to this court's attention that it did not bring to Judge Johnson's attention in its motion to strike, except for speculation that Judge Johnson, "having been pressed by Moore to swiftly rule on summary judgment, inadvertently did not consider the pending motion to strike." Reply at 2.

The court therefore declines the defendant's invitation to speculate how Judge Johnson arrived at her holding. *Cf.* Def.'s Mem. at 8–10. The court believes that Judge Johnson was fully briefed on the defendant's arguments concerning the plaintiff's Rule 7(h) submission. The defendant has offered no reason for the court to think otherwise. Accordingly, the court will adhere to the presumption that a ruling inconsistent with an outstanding motion impliedly resolves that motion.[5] The

**5.** *See, e.g., King v. Tecumseh Public Schools,* 229 F.3d 1152, 2000 WL 1256899, *3 (6th Cir.2000) (Table) (holding that entry of summary judgment while a motion for additional discovery was pending "should be construed as an implicit denial" of the motion for additional discovery); *Moody v. Town of Weymouth,* 805 F.2d 30, 31 (1st Cir.1986) (holding that the court implicitly denied the plaintiff's motion to strike certain submissions because the court "in its opinion granting defendants' motion to dismiss, relied on defendants' materials"); *Addington v. Farmer's Elevator Mutual Ins. Co.,* 650 F.2d 663, 666 (5th Cir.1981) (finding that the grant of summary judgment for the defendant "was so inconsistent with the plaintiff's request for leave to amend to state a new claim for relief as implicitly to deny the motion to amend"); *Wimberly v. Clark Controller Co.,* 364 F.2d 225, 227 (6th Cir.1966) (holding that "[w]hile it is certainly the better practice to specifically rule on all pending motions, the determination of a motion need not always be expressed but may be implied by an entry of an order inconsistent with granting the relief sought"). The de-

defendant's motion for a ruling is therefore denied, and the court proceeds to determine whether reconsideration is warranted.

## B. The Court Denies the Defendant's Motion for Reconsideration

■ Judge Johnson's order is interlocutory because it denied a motion for summary judgment and did not dispose of the entire case on the merits. *Johnson v. Jones*, 515 U.S. 304, 307–09, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). At the outset, the court thus notes that Rule 54(b), not Rule 60(b)(6), provides the relevant standard for reconsidering Judge Johnson's order. *See* FED.R.CIV.P. 54(b) (stating that an interlocutory order on the claims or rights and liabilities of a party "is subject to revision at any time before entry of [final] judgment"). The distinction is important because, although courts only reconsider under Rule 60(b)(6) in "exceptional circumstances," courts have more flexibility in applying Rule 54(b). *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir.1991) (rejecting "vigorously" the lower court's application of the Rule 60 standard to an interlocutory, Rule 54(b) determination).

■ Furthermore, because Judge Johnson's order is interlocutory, the law of the case doctrine does not automatically apply. *Langevine v. District of Columbia*, 106 F.3d 1018, 1022–23 (D.C.Cir.1997). That doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). "[T]he doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Id.*

The inapplicability of the law of the case doctrine theoretically leaves the court with greater discretion to revisit Judge Johnson's order, but this is not to say that district courts should take lightly reconsideration of the orders of their colleagues. As the D.C. Circuit has stated, "[i]nconsistency is the antithesis of the rule of law. For judges, the most basic principle of jurisprudence is that we must act alike in all case of like nature." *LaShawn v. Barry*, 87 F.3d 1389, 1393 (D.C.Cir.1996) (noting that the law of the case doctrine helps implement this principle). Thus, although Judge Johnson's order is not "subject to" the law of the case doctrine, *Langevine*, 106 F.3d at 1020,[6] nothing prevents the court from applying the rationales of that doctrine to guide a Rule 54(b) decision. *Virgin Atlantic Airways v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir.1992) (holding that "[e]ven if Rule 54(b) allows parties to request district

---

fendant attempts to distinguish cases such as these by arguing Judge Johnson's order did not rely on any of the materials in the motion to strike. Reply at 4. As indicated above, however, Local Rule 7(h) facilitates the summary judgment determination. Once that determination is made, an outstanding motion concerning Rule 7(h) becomes less critical absent some extraordinary circumstance not present here. Thus, the court holds that Judge Johnson's order is indeed inconsistent with the motion to strike and

that the order therefore impliedly resolved the motion to strike.

6. Although failure to adhere to the law of the case doctrine may in some cases constitute abuse of discretion, adherence to the doctrine is not mandatory. *See Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912) (Holmes, J.) (noting that the law of the case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power").

courts to revisit earlier rulings, the moving party must do so within the strictures of the law of the case doctrine"); *cf. Langevine*, 106 F.3d at 1023–24 (quoting the proposition in Moore's that, in a case where the first judge likely committed clear error, the transfer between judges "should no more freeze prior rulings than it should require their routine reexamination").

Indeed, courts apply a wide variety of tests to determine reconsideration under Rule 54(b).[7] As the Second Circuit has noted, "one of the bases for the [law of the case doctrine], the desire to save judicial time, is not too persuasive when, as here, an overruling of our previous decision might well bring 'the case' to a much quicker end than it will otherwise have[.]" *Zdanok v. Glidden Co., Durkee Famous Foods Division*, 327 F.2d 944, 953 (2d Cir.1964). In this case, a hypothetical scenario in which the court reconsiders Judge Johnson's order and holds in favor of the defendant would obviously further judicial economy because the case would be over. However,

> another consideration is applicable: where litigants have once battled for the

court's decision, they should neither be required, nor without good reason permitted, to battle for it again. Perhaps the "good sense" of [the court's discretion of] . . . comes down to a calculus of the relative unseemliness of a court's altering a legal ruling as to the same litigants, with the danger that this may reflect only a change in the membership of the tribunal[.]

*Id.*

As indicated above, the defendant makes no argument now that it did not make to Judge Johnson. Judge Johnson had ample time to weigh the arguments, oppositions and replies on the motion for summary judgment, the Rule 7.1 submissions and the motion to strike. The only reason to which the plaintiffs can point to further delay this case is that Judge Johnson felt pressured by the plaintiff to rule on a motion and therefore forgot to rule on a motion to strike. Reply at 2. The court finds this argument speculative at best. In light of the "relative unseemliness of a court's altering a legal ruling as to the same litigants," *Zdanok*, 327 F.2d at 953, the court needs greater justification to re-

---

7. *See, e.g., United States v. Jerry*, 487 F.2d 600, 605 (3d Cir.1973) (interlocutory orders may be reconsidered by a district court when doing so is "consonant with justice"); *M.K. v. Tenet*, 196 F.Supp.2d 8, 12 (D.D.C.2001) (holding that "[r]econsideration of an interlocutory decision . . . is available under the standard, 'as justice requires' "); *A & H Sportswear Co., Inc. v. Victoria's Secret Stores, Inc.*, 2001 WL 881718 (E.D.Pa.2001) (indicating that "[c]ourts tend to grant motions for reconsideration [under Rule 54(b)] sparingly and only upon the grounds traditionally available under Fed.R.Civ.P. 59(e)"); *Gallant v. Telebrands Corp.*, 35 F.Supp.2d 378, 394 (D.N.J.1998) (resolving a Rule 54 motion by determining whether the parties proffer supplemental evidence or new legal theories); *Neal v. Honeywell*, 1996 WL 627616, *2 (N.D.Ill.Oct.25, 1996) (noting that such motions are "best characterized as a common

law motion for reconsideration" and applying a the test of whether the court "has patently misunderstood a party," "has made a decision outside the adversarial issues presented to the Court by the parties," "has made an error not of reasoning but of apprehension," or "a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court") (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (dealing with a post-judgment motion to reconsider)); *see generally Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581 (D.Ariz.2003) (surveying various standards). The court additionally notes that is has required litigants to bring motions under Rule 54 "within a reasonable period after an interlocutory order during the pendency of the litigation." *Tax Analysts v. I.R.S.*, 152 F.Supp.2d 1, 5 n.4 (D.D.C.2001).

visit Judge Johnson's ruling than conjecture about whether she forgot something or felt rushed. Because the defendant fails to offer such justification, its motion for reconsideration is denied.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for a ruling and for reconsideration. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 30th day of August, 2004.