**Araya HENOK, Plaintiff,**

v.

**CHASE HOME FINANCE, LLC,
et al., Defendants.**

**Civil Action No. 12–336 (RWR).**

United States District Court,
District of Columbia.

May 30, 2013.

Order Denying Reconsideration
July 29, 2013.

Araya Henok, Washington, DC, pro se.

Jeffrey L. Tarkenton, Paul A. Kaplan, Womble Carlyle Sandridge & Rice, PLLC, Washington, DC, Todd D. Ross, Womble Carlyle Sandridge & Rice, PLLC, Tysons Corner, VA, Bizhan Beiramee, Beiramee Law Group, P.C., Matthew Daniel Cohen, BWW Law Group, LLC, Bethesda, MD, Gregory Nelson Britto, Shapiro & Burson, LLP, Fairfax, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Pro se plaintiff Araya Henok brings this action against Chase Home Finance, LLC ("Chase") and Fannie Mae,[1] challenging the legality of the foreclosure on a property he owned on 16th Street N.E. in Washington, D.C. ("the property"). Henok moves for partial summary judgment against Chase on his claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, arguing that Chase failed to respond to Henok's requests for the amount to cure his default. Chase cross-moves for summary judgment arguing that RESPA does not apply to Henok's loan. Because the undisputed facts show that Chase is entitled to judgment as a matter of law, Henok's motion for partial summary judgment will be denied, Chase's cross-motion for partial summary judgment will be granted, and

---

1. Marco Acevedo has also been listed as a defendant in this case, but Henok does not seek judgment against Marco Acevedo. *See* Am. Compl. at 19. In addition, Shapiro and Burson, LLP was terminated as a defendant by order dated April 17, 2013.

judgment on the RESPA claim will be entered for Chase.

## BACKGROUND

Henok purchased the property in 2006 with financing from JP Morgan Chase Bank. Am. Compl. ¶ 6; Def. Chase Mem. of Law in Opp'n to Pl.'s Second Mot. for Partial Summ. J. and in Supp. of Cross Mot. for Summ. J. ("Chase's Mem.") ¶ 1. In August 2009, Chase returned Henok's monthly payment and "stated that [his] property [was] going into foreclosure." Am. Compl. ¶ 8. Fannie Mae bought the property in a foreclosure sale on November 18, 2009. *Id.* ¶ 15, Exs. 5–6; Pl.'s Mot. for Partial Summ. J. Against Chase ("Pl.'s Summ. J. Mot.") ¶ 7; Chase's Mem. ¶ 19.

Henok filed a complaint in February 2012 in D.C. Superior Court challenging the foreclosure. He alleged, in part, that Chase violated RESPA by failing to respond to his written requests for cure figures. The defendants removed the case to federal court and answered the complaint. Henok moves for partial summary judgment on his RESPA claim. Chase opposes and cross-moves for summary judgment arguing that since RESPA does not govern loans on property used for business purposes and Henok uses the property for rental income, RESPA does not apply to Henok's loan.

2. *Johnson* reasoned that RESPA's implementing regulation, Regulation X, 24 C.F.R. § 3500.5, refers to Regulation Z, 12 C.F.R. 226.3(a)(1), the implementing regulation for the Truth in Lending Act, to define business purpose loans. *See* 24 C.F.R. § 3500.5(b)(2) ("Business purpose loans. An extension of credit primarily for a business, commercial, or agricultural purpose, as defined by Regulation Z, 12 C.F.R. § 226.3(a)(1). Persons may rely on Regulation Z in determining whether the exemption applies."). Although Regulation Z does not explicitly define business purpose loans, the Official Staff Commentary for that regulation provides that:

## DISCUSSION

Summary judgment is warranted on an individual claim or part of a claim if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). RESPA provides that if the loan servicer receives a "qualified written request" from the borrower for information about his loan, the servicer is required to provide "a written response acknowledging receipt of the correspondence[.]" 12 U.S.C. § 2605(e)(1)(A). However, RESPA "does not apply to credit transactions involving extensions of credit ... primarily for business, commercial, or agricultural purposes[.]" 12 U.S.C. § 2606(a). In interpreting this provision, courts have found that RESPA does not apply to loans for non-owner occupied rental properties. *See, e.g., Johnson v. Wells Fargo Home Mortg., Inc.,* 635 F.3d 401, 417 (9th Cir. 2011); *Ford v. Central Loan Admin.,* No. 11–0017–WS–C, 2011 WL 4702912, at *4 & n. 8 (S.D.Ala. Oct. 5, 2011).[2]

Here, Chase argues that RESPA does not apply because the property is a non-owner occupied rental property. Chase's Mem. at 8–9. Henok does not dispute that the property is a non-owner occupied rental property. Indeed, Henok's amended complaint and partial summary judgment

Non-owner-occupied rental property. Credit extended to acquire, improve, or maintain rental property (regardless of the number of housing units) that is not owner-occupied is deemed to be for business purposes.

12 C.F.R. Pt. 226, Supp. I, Cmt. 3(a)(4) (West 2011). Thus, "a loan to acquire, improve, or maintain non-owner occupied rental property" is excluded under 12 U.S.C. § 2606(a) because it is a loan for a business purpose. *Johnson,* 635 F.3d at 417.

motion seek damages based on rental revenue from the property. Am. Compl. at 20; Pl.'s Summ. J. Mot. at 5. Henok attaches a purported "rental history" of the property to support his damages claim. Pl.'s Summ. J. Mot., Ex. 7.

Henok argues, though, that RESPA still applies to his loan because the deed of trust makes RESPA applicable to his loan. Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Summ. J. and Pl.'s Opp'n to Def.'s Mot. for Summ. J. at 1–2 (citing Chase's Mem., Ex. 2, Deed of Trust at 2–3, 5). Henok cites the definition section in the deed of trust which provides that:

> As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

Chase's Mem., Ex. 2, Deed of Trust at 2–3. He also cites the "Funds for Escrow Items" covenant of the deed of trust which incorporates some of RESPA's requirements when the borrower and lender use an escrow account. *Id.*, Ex. 2, Deed of Trust ¶ 3.

D.C. courts interpret deeds under the " 'objective law of contracts.' " *Joyner v. Estate of Johnson,* 36 A.3d 851, 855 (D.C.2012) (quoting *Dyer v. Bilaal,* 983 A.2d 349, 354 (D.C.2009)). Under this principle, the written language in the agreement governs unless the language is unclear or there is fraud, duress or mutual mistake. " 'If a deed is unambiguous, the court's role is limited to applying the meaning of the words[.]' " *Id.* (quoting *Found. for the Pres. of Historic Georgetown v. Arnold,* 651 A.2d 794, 796 (D.C. 1994)).

The plain language of the definition section does not reflect that RESPA applies to Henok's loan. The deed's RESPA definition does not say that all of RESPA's requirements and restrictions apply even if the loan is a non-covered business purpose loan for non-owner occupied rental property. Nor does the fifteen-page deed say so in the single-spaced text of any of its twenty-four covenants. Other than one mention of RESPA in covenant 20 requiring notice to the borrower of any change in loan servicer, Chase's Mem., Ex. 2, Deed of Trust ¶ 20, RESPA is mentioned only in covenant 3 governing funds collected for escrow items, *id.*, Ex. 2, Deed of Trust ¶ 3. Neither that covenant nor any other provision in the deed adopts RESPA's provisions under 12 U.S.C. § 2605(e)(1)(A) for responding to a borrower's requests for amounts to cure a default. Therefore, RESPA's requirements were not triggered by Henok's requests for cure figures, and Chase, rather than Henok, is entitled to summary judgment on Henok's RESPA claim.

### CONCLUSION AND ORDER

Business purpose loans are exempted from RESPA's coverage and loans involving non-owner occupied rental properties are business purpose loans under RESPA's implementing regulations. It is undisputed that Henok's loan involved a non-owner occupied rental property. RESPA, then, does not apply to Henok's loan, and the deed of trust does not otherwise incorporate RESPA's notification requirements. Thus, Chase is entitled to judgment as a matter of law on Henok's RESPA claim. Accordingly, it is hereby

ORDERED that plaintiff's motion [35] for partial summary judgment be, and hereby is, DENIED. It is further

ORDERED that Chase's cross-motion [37] for partial summary judgment be, and hereby is GRANTED. Judgment is EN-

TERED for Chase concerning the RESPA claim.

## MEMORANDUM ORDER

Pro se plaintiff Araya Henok brings this action against Chase Home Finance, LLC ("Chase") and Fannie Mae,[1] challenging the legality of the foreclosure on a property he owned on 16th Street N.E. in Washington, D.C. ("the property"). Henok moves for reconsideration of the memorandum opinion and order entered May 30, 2013, which denied Henok's partial summary judgment motion and granted the defendants' partial summary judgment cross-motion on Henok's Real Estate Settlement Procedures Act ("RESPA") claim.[2] Citing the deed of trust, Henok argues again that RESPA applies to the foreclosed property. Chase opposes the motion for reconsideration, arguing that Henok has presented no new facts or legal arguments to justify reconsideration.

Under Federal Rule of Civil Procedure 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R.Civ.P. 54(b). "Under Rule 54, a court may reconsider an interlocutory decision 'as justice requires.'" *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 893 F.Supp.2d 258, 268 (D.D.C.2012) (quoting *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C.Cir.2011)). Justice may so require where the court has "'patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling deci-

sions or data, or [where] a controlling or significant change in the law has occurred.'" *Arias v. DynCorp*, 856 F.Supp.2d 46, 51 (D.D.C.2012) (quoting *Negley v. FBI*, 825 F.Supp.2d 58, 60 (D.D.C.2011)). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Pueschel v. Nat'l Air Traffic Controllers' Ass'n*, 606 F.Supp.2d 82, 85 (D.D.C.2009) (citing *In Def. of Animals v. Nat'l Insts. of Health*, 543 F.Supp.2d 70, 76 (D.D.C.2008)). "A court may properly exercise its discretion by denying a motion for reconsideration that 'raise[s] ... arguments for reconsideration the court ha[s] ... already rejected on the merits.'" *McLaughlin v. Holder*, 864 F.Supp.2d 134, 141 (D.D.C.2012) (quoting *Capitol Sprinkler Inspection Inc.*, 630 F.3d at 227). Indeed, "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Moore v. Hartman*, 332 F.Supp.2d 252, 257 (D.D.C.2004) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir.1964)).

Here, Henok does not assert that the court misunderstood the parties, made a decision beyond the issues presented, or failed to consider controlling precedent. Instead, Henok repeats the same facts and raises the same legal argument which was previously rejected on the merits. In particular, Henok asserts again that the deed of trust makes RESPA applicable to his property. *See* Pl.'s Mot. for Recons. at 1; Pl.'s Mot. for Partial Summ. J. at 3. He-

1. Shapiro and Burson, LLP was terminated as a defendant by order dated April 17, 2013.

2. Henok also moves to withdraw his motion for partial summary judgment on the RESPA claim. However, Chase's cross-motion for partial summary judgment was granted and

judgment was entered for Chase on the RESPA claim. Thus, Henok's motion to withdraw his motion for partial summary judgment is moot and his route to relief must be his motion for reconsideration.

nok's attempt to relitigate the same issue in his motion for reconsideration does not satisfy Rule 54(b)'s requirements. Since Henok has not shown that reconsideration of the May 30, 2013 memorandum opinion and order is warranted by presenting any new facts or legal arguments to satisfy the "as justice requires" standard, his motion will be denied. Accordingly, it is hereby

ORDERED that Henok's motion [57] for reconsideration be, and hereby is, DENIED.

