**Briggitta HARDIN, Plaintiff,**

v.

**Mick DADLANI, Individually and in his capacity as Redline Owner and Manager, and Red Line DC, LLC, Defendants.**

**Civil Action No. 11-2052 (RBW)**

United States District Court,
District of Columbia.

Signed August 10, 2015

Dennis A. Corkery, Matthew K. Handley, Washington Lawyers' Committee for Civil Rights & Urban Affairs, Jennifer I. Klar, Jia M. Cobb, Megan Cacace, Relman, Dane & Colfax, PLLC, Washington, DC, for Plaintiffs.

Claude-Eric Keller Nicolas, Sundeep Hora, Leslie David Alderman, III, Alderman, Devorsetz & Hora PLLC, Courtney R. Abbott, Angela D. Hart-Edwards, Shameka N. Bloyce, Gordon & Rees, LLP, Jonathan Wolfe Greenbaum, Lloyd Liu, Coburn & Greenbaum, PLLC, Washington, DC, for Defendants.

## ORDER

REGGIE B. WALTON, United States District Judge

On July 16, 2015, the Court held a motion hearing to consider defendants Mick Dadlani and Red Line DC, LLC's motion for leave to take the <u>de bene esse</u> deposition of Salah Benbaba ("Defs.' Mot. for Dep."), as well as the plaintiff's motion <u>in limine</u> to exclude the testimony of Salah

Benbaba and Faiza Ferdjani ("Pl.'s Mot. to Exclude"). The Court denied the defendants' motion for a de bene esse deposition, granted the plaintiff's motion to exclude the witnesses, and subsequently memorialized these rulings in a Minute Order issued that same day. See July 16, 2015 Minute Order. The defendants now move the Court to reconsider the rulings pursuant to Federal Rule of Civil Procedure 54(b). Defendants' Motion for Reconsideration of June 16, 2015 Order ("Defs.' Mot.") at 1. For the reasons that follow, the Court concludes that it must deny the defendants' motion for reconsideration.[1]

## I. Background

This case has been pending since 2011, and the Court has repeatedly provided the parties with ample opportunity to engage in requested discovery that they have represented was necessary to develop the factual record in this case. See, e.g., February 27, 2015 Order, ECF No. 87 (permitting the defendants to potentially utilize previously-undisclosed witnesses and authorizing limited additional discovery with respect to these potential witnesses); December 8, 2014 Minute Order (permitting additional discovery with respect to defendants' new punitive damages witnesses); October 14, 2014 Order, ECF No. 77 (permitting additional limited discovery with respect to punitive damages); ECF No. 53 (permitting additional limited discovery as a "result of newly-produced information"); November 28, 2012 Order, ECF No. 44 (extending the initial discovery period); January 3, 2013 Order.

The most recent round of discovery arose following the defendants' belated identification of certain additional fact witnesses, claiming that they were not previously identified in initial disclosures and responsive interrogatories because the defendants purportedly misunderstood the scope of the evidence that the plaintiff may be permitted to introduce at trial, based upon the Court's remarks during a 2012 teleconference with the parties. See Defendants' Opposition to Plaintiff's Motion to Exclude Witnesses Contained in Defendants' Amended Disclosures and Supplemental Responses to Discovery at 1. Although the Court questioned the accuracy of defendants' recollections of that teleconference, it nevertheless denied the plaintiff's motion to strike these newly-identified witnesses so as to avoid any potential prejudice to the defendants. See February 27, 2015 Order, ECF No. 87. The Court then permitted a period of limited discovery until May 1, 2015, for the plaintiff to depose these witnesses. See id. However, the Court specifically noted during the hearing that the defendants, in being afforded considerable leniency through this accommodation, must make efforts to make these witnesses available for the taking of their depositions during the prescribed period. See id. According to the defendants, one of the witnesses, Salah Benbaba, was unavailable to have his deposition taken during this period of time because he resides in Madrid, Spain, see Defs.' Mot. for Dep. at 1, and based on his unavailability for a deposition, the plaintiff moved to exclude his testimony from trial, see Pl.'s Mot. to Exclude.

On June 4, 2015, more than one month after the close of this limited period of additional discovery, the defendants moved for leave to conduct the de bene esse deposition of Benbaba while he is traveling in the United States from August 1 to

---

1. In reaching its decision, the Court considered the following submissions: (1) the Defendants' Motion for Reconsideration of June 16, 2015 Order ("Defs.' Mot."); and (2) the Plaintiff's Opposition to Defendants' Motion for Reconsideration of June 16, 2015 Order ("Pl.'s Opp'n"). The defendants informed the Court by telephone that they would not file a reply to the plaintiff's opposition.

August 15, 2015. Id. This relief was sought in spite of the fact that trial is currently scheduled for September 2015, and the Pre-Trial Order—already once modified by the Court at the defendants' request over the plaintiff's objections—required the parties to have exchanged initial drafts of the pre-trial statement no later than July 8, 2015, with motions in limine filed with the Court by August 19, 2015. See May 20, 2015 Modified Pre-Trial Order, ECF No. 100.

The Court held a hearing to resolve both motions on June 16, 2015. It granted the plaintiff's motion to exclude Benbaba as a witness due to the defendants' failures to abide by the requirements of discovery with respect to their initial disclosures and interrogatory responses, and when presented with an opportunity to remedy these failures, they failed to make sufficient efforts to make Benbaba available for his deposition. See Defs.' Mot., Exhibit ("Ex.") 1, Transcript of June 16, 2015 Motions Hearing ("Transcript") at 44:15–44:21 ("I just think under the circumstances considering the history of this case that to now permit these witnesses in light of the fact the depositions have not taken place within the period of time I required they be taken, based upon the late disclosure that I will have to grant the motion of the plaintiffs to not permit these individuals to be witnesses"). The Court also concluded that the defendants' eleventh-hour requests would frustrate the Court's administration of this case and would significantly prejudice the plaintiff's ability to respond before the scheduled trial date to any testimony provided by Benbaba in a deposition. See id. at 44:5–44:12 ("[I]f I were to permit what is being requested . . . we couldn't go forward with the trial because the pretrial statements are due early next month, and this one witness would not be subject to a deposition until August which is well beyond when the pretrial statements are required

and only several weeks before when the trial is presently scheduled"). The defendants now request reconsideration of these rulings.

## II. Standard of Review

 Pursuant to Rule 54(b), an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[A] court may reconsider an interlocutory decision 'as justice requires,'" United States ex rel. Westrick v. Second Chance Body Armor, Inc., 893 F.Supp.2d 258, 268 (D.D.C.2012) (quoting Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 227 (D.C.Cir.2011)), such as where the court has "patently misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or [where] a controlling or significant change in the law has occurred," Arias v. DynCorp, 856 F.Supp.2d 46, 51 (D.D.C.2012) (internal quotation marks and citation omitted). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." Pueschel v. Nat'l Air Traffic Controllers' Ass'n, 606 F.Supp.2d 82, 85 (D.D.C.2009) (citation omitted). Denial of a motion for reconsideration is proper where the motion "'raise[s] . . . arguments for reconsideration the court ha[s] . . . already rejected on the merits.'" McLaughlin v. Holder, 864 F.Supp.2d 134, 141 (D.D.C.2012) (quoting Capitol Sprinkler Inspection, Inc., 630 F.3d at 227). Indeed, "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" Moore v. Hartman, 332 F.Supp.2d 252, 257 (D.D.C.2004) (quoting Zdanok v.

Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2d Cir.1964)).

## III. Analysis

■ As a preliminary matter, each of the arguments set forth in the defendants' motion for reconsideration merely rehash those positions advocated by the defendants in their prior briefings and at oral argument. First, the defendants' motion contends that sanctions pursuant to Rule 37 for failure to abide by the requirements of discovery are inappropriate here, see Defs.' Mot. at 2–4, 6–8, but this argument was previously argued in their opposition to the plaintiff's motion in limine, Defendants' Opposition to Plaintiff's Motion In Limine to Exclude Witnesses from Trial ("Defs.' Opp'n to Exclude") at 3–5, and was further argued during oral argument, Defs.' Mot., Ex. 1, Transcript at 11:20–12:14, 18:3–19:10, 20:25–31:13. Second, the defendants' motion for reconsideration argues that the defendants were not required to supplement earlier interrogatory answers that asked the defendants to "identify all persons hired or employed by Redline as a bartender." Defs.' Mot. at 4–6. But again, these arguments were presented by the defendants at oral argument and addressed by the Court. See Transcript 17:23–19:10, 24:13–30:16, 40:11–40:24, 48:6–48:21. Third, the defendants contend in their motion that they should not be faulted for failing to facilitate Benbaba's deposition during the prescribed discovery period. Defs.' Mot. at 8–9. This contention was also presented to the Court in both the defendants' motion to conduct a de bene esse deposition, Defs.' Mot. for Dep. at 5, and at oral argument, Defs.' Mot., Ex. 1, Transcript at 7:10–9:6, 41:16–42:21. Lastly, the defendants contend that the Court should have considered a less severe sanction, such as the de bene esse deposition of Benbaba. Defs.' Mot. at 9–12. But again, the defendants raised this suggestion not only during oral argument, but also through an entire motion dedicated to such relief, Defs.' Mot. for Dep. In sum, each of the defendants' arguments were thoroughly briefed or otherwise presented to the Court at oral argument and were " 'already rejected on the merits,' " McLaughlin, 864 F.Supp.2d at 141 (quoting Capitol Sprinkler Inspection, Inc., 630 F.3d at 227). For this reason alone, the motion for reconsideration will be denied. Id.; Moore, 332 F.Supp.2d at 257.

■ As for the Court's decision to exclude Benbaba from testifying at trial due to the defendants' failures to abide by the requirements of discovery—a ruling that the Court issued with a significant degree of importance—reconsideration is also unwarranted because the defendants do not demonstrate in their motion "that some harm or injustice would result if reconsideration were to be denied." Pueschel, 606 F.Supp.2d at 85. This is because, as represented by the defendants in prior Court filings, Benbaba resides in Spain and is unavailable to travel to the United States when trial is scheduled in this matter. See Defs.' Mot. for Dep. at 1. Based on the defendants' own representations, Benbaba was never going to be physically available as a witness at trial. Id. Thus, the practical consequence of his unavailability is that Benbaba would not be physically testifying at trial, regardless of whether the Court revisits its prior ruling regarding his exclusion.

■ While this problem may be remedied by a de bene esse deposition prior to trial, as the defendants suggest, the Court has already concluded that it would be impractical to permit this additional discovery, given the timing of the trial in this case. "It has long been recognized that trial courts are vested with broad discretion to manage the conduct of

discovery." Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C.2001) (citing Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters, 494 F.2d 1092, 1100 (D.C.Cir.1974)); see also Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C.Cir.1991). The defendant had ample opportunity to request a de bene esse deposition during the authorized periods of discovery, which could have been accomplished through teleconferencing if Benbaba could not come to the United States or the parties were unable to travel to Spain, but failed to avail themselves of this opportunity. The Court's discovery deadlines are neither advisory nor guidelines for when the parties should complete discovery, but instead are orders with consequences for parties that fail to abide by those deadlines. It is simply too late, on the near-eve of trial, for the Court to grant such relief. The defendants' motion disregards the Court's exercise of its "broad discretion to manage the conduct of discovery," Chavous, 201 F.R.D. at 2, and does not address the fact that the Court's denial of their request to take Benbaba's de bene esse deposition out of time is a direct consequence of their failure to make him available for a deposition during the prescribed discovery period.

Accordingly, it is hereby

**ORDERED** that the Defendants' Motion for Reconsideration of June 16, 2015 Order is **DENIED**.

**SO ORDERED** this 10th day of August, 2015.