# ISLAND TILE AND MARBLE, LLC, Appellant/Defendant
## v.
# BERYL BERTRAND, as ADMINISTRATRIX OF THE ESTATE OF JACQUES-PIERRE BERTRAND, Appellee/Plaintiff

S. Ct. Civil No. 2012-0050

Supreme Court of the Virgin Islands

November 7, 2012

597

W. MARK WILCYNSKI, ESQ., Law Office of W. Mark Wilcynski, P.C., St. Thomas, USVI, *Attorney for Appellant.*

PAUL M. PLATTE, ESQ., Rogers, Townsend & Thomas, P.C., Columbia, South Carolina, DAVID A. BORNN, ESQ., St. Thomas, USVI, *Attorneys for Appellee.*

CABRET, *Associate Justice*; SWAN, *Associate Justice*, and HODGE, *Designated Justice.*[1]

## OPINION OF THE COURT

(November 7, 2012)

HODGE, *Designated Judge.* The Superior Court, in a June 22, 2012 Order, certified several issues addressed in its prior interlocutory orders for immediate appellate review pursuant to the procedure set forth in title 4, section 33(c) of the Virgin Islands Code. For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2008, Jacques-Pierre Bertrand, an employee of Island Tile and Marble, LLC ("Island Tile"), died from injuries sustained on April 17, 2008, while unloading marble slabs at Island Tile's warehouse. His mother, Beryl Bertrand ("Mrs. Bertrand"), filed suit against Island Tile and several other defendants for wrongful death and other causes of action on September 25, 2008,[2] solely in her capacity as administratrix of

---

[1] Chief Justice Rhys S. Hodge is recused from this matter. The Honorable Verne A. Hodge sits in his place pursuant to title 4, section 24(a) of the Virgin Islands Code.

[2] While the certified list of docket entries submitted by the Clerk of the Superior Court indicates that the complaint was filed on September 24, 2008, we note that the Superior Court

his estate, *see* 5 V.I.C. §§ 76-77, which consisted of his parents, his twin brother, and his sister ("the Estate"). After various proceedings unrelated to this interlocutory appeal, on March 2, 2009, Island Tile filed a motion to dismiss the complaint pursuant to Federal Rule 12(b)(6)[3] on the grounds that it was immune from suit pursuant to the exclusive remedy provisions of Virgin Islands Workers' Compensation Act ("VIWCA"). Rather than oppose the motion, the Estate entered into a stipulation of dismissal with Island Tile on March 9, 2009, advising the Superior Court that the Estate had agreed to dismiss, with prejudice, all claims against Island Tile, and that both parties would bear their own costs and attorney's fees. For reasons not clear from the record, the Superior Court did not approve the stipulation until April 6, 2010.[4]

For the following year, the Estate continued to actively litigate the matter with respect to the remaining defendants. However, on April 5, 2011, the Estate filed a document captioned as "Plaintiff's Motion for Leave of Court to File Motion for Reconsideration Out of Time, Motion for Reconsideration, and Memorandum of Law," which stated that it was being brought "pursuant to the LRCI 7.3, Superior Court Rule 7, and Federal Rules of Civil Procedure 6," and in a footnote further cited Federal Rule 54(b) as applicable authority. (J.A. 64.) In its motion, the Estate requested — among other forms of relief not relevant to this interlocutory appeal — that the Superior Court set aside its April 6, 2010 Order approving the parties' stipulation to dismiss Island Tile from the litigation. As grounds for this request, the Estate stated that Island Tile — through its sole owner and manager, Michael Cordiner — falsely represented that Island Tile was duly insured under the VIWCA, and that the Estate's claim was thus barred by its exclusive remedy provision. *See* V.I. CODE ANN. tit. 24, § 284(a) ("When an employer is insured under this

---

date stamp on the document itself reflects that the Superior Court received it on September 25, 2008.

[3] Unless otherwise stated, all of the Federal Rules of Civil Procedure cited in this opinion are applicable to proceedings in the Superior Court by virtue of Superior Court Rule 7, and are referred to using the shorthand form "Federal Rule ___."

[4] Although signed by the Superior Court judge on March 30, 2010, the Clerk of the Superior Court did not enter the order until April 6, 2010. *See* V.I.S.CT.R. 5(a)(9) ("A judgment or order is entered within the meaning of this Rule when it is entered in the docket in compliance with Superior Court Rule 49."). For this same reason, the dates of all other orders and opinions issued by the Superior Court in the underlying matter refer to the date of entry on the docket.

chapter, the right herein established to obtain compensation shall be the only remedy against the employer."). According to the Estate, Cordiner's January 10, 2011 deposition revealed that Island Tile's workers' compensation reports for the 2006, 2007, and 2008 calendar years contained significant misrepresentations that resulted in Island Tile substantially underpaying the workers' compensation premiums it owed to the Government.

Island Tile timely filed its opposition to the Estate's motion on April 19, 2011. In its opposition, Island Tile did not dispute that the reports it submitted to the Virgin Islands Commissioner of Finance contained inaccuracies, or that those inaccuracies caused it to understate its premiums. Rather, Island Tile, relying on this Court's decision in *Beachside Assocs., LLC v. Fishman*, 53 V.I. 700 (V.I. 2010), contended that Federal Rule 60(b), made applicable through Superior Court Rule 50, governed the motion, and that the Estate failed to meet its burden of establishing that the Superior Court should set aside the April 6, 2010 Order.

The Superior Court, in a June 27, 2011 Opinion and Order, ultimately granted the Estate's motion and permitted it to amend its complaint to reinstate its claims against Island Tile. *Bertrand v. Island Tile & Marble, LLC*, 55 V.I. 267, 271-72 (V.I. Super. Ct. 2011). Relying on this Court's unpublished opinion in *Hagley v. Hendricks*, S.Ct. Civ. No. 2007-0026, 2007 V.I. Supreme LEXIS 8 (V.I. 2007), the Superior Court rejected Island Tile's argument that Federal Rule 60(b) governed the Estate's motion, and held that Federal Rule 54(b), made applicable through Superior Court Rule 7, represented the applicable legal standard. *Id.* at 273-75. While the Superior Court also concluded that the fourteen-day limitations period set forth in LRCi 7.3 applies when a party seeks relief under Federal Rule 54(b), it found that the Estate established good cause to extend the fourteen-day filing period. *Id.* at 275-76. As to the merits, the Superior Court found, taking all of the Estate's allegations as true, that Island Tile fell within the VIWCA's definition of "uninsured employer," *see* 24 V.I.C. § 272(c), because it underpaid its premiums, and thus could not benefit from the VIWCA's immunity provisions, even though the Estate accepted and received payments from the Administrator of the Workers' Compensation Administration. *Id.* at 284-85.

On July 11, 2011, Island Tile filed a motion for the Superior Court to reconsider its June 27, 2011 Opinion. Again, Island Tile argued that the

*Beachside Associates* decision compelled it to apply Superior Court Rule 50 and Federal Rule 60(b) to the exclusion of Federal Rule 54. In addition, Island Tile contended that the Superior Court erred when it accepted all of the Estate's allegations as true for purposes of determining whether to set aside the dismissal, given that the claims against Island Tile had not been dismissed because the Superior Court granted a motion to dismiss for failure to state a claim pursuant to Federal Rule 12(b)(6), but due to the parties entering into a joint stipulation to dismiss Island Tile with prejudice. According to Island Tile, this effectively shifted the burden of persuasion from the Estate and onto Island Tile. Additionally, Island Tile contended that even if Rule 54(b) constitutes the applicable legal standard, revisiting the stipulation was not warranted given, among other things, the strong preference in favor of settling civil litigation. Finally, Island Tile argued that the Superior Court misinterpreted the VIWCA, since the Workers' Compensation Administration had issued it a "Certificate of Government Insurance" for the time of the accident, and the VIWCA contains no explicit provision authorizing a court to invalidate coverage due to a "paperwork error." (J.A. 451.)

The Superior Court, in a February 10, 2012 Opinion and Order, denied Island Tile's motion for reconsideration. First, the Superior Court explained that *Beachside Associates* involved the appeal of a final judgment — albeit under the collateral order doctrine — and thus Superior Court Rule 50 applied to that case, but that Superior Court Rule 50 would not apply to the instant matter since the April 6, 2010 Order granting the stipulation for dismissal was not appealable to this Court. Second, the Superior Court observed that "the new evidence was based on sworn testimony and documents uncovered during the discovery process," and that "the evidence had to be considered in the light most favorable to [the Estate], the non-moving party, pursuant to FED. R. CIV. P. 12(b)(6)." (J.A. 467.) As to the VIWCA, the Superior Court concluded that its position remained unchanged from the June 27, 2011 Opinion. However, it certified four of the issues addressed in its February 10, 2012 Opinion for an immediate interlocutory appeal to this Court pursuant to the appeal by permission procedure set forth in section 33(c) of title 4 of the Virgin Islands Code.

On February 23, 2012, Island Tile filed an untimely petition for permission to appeal, which this Court docketed as S.Ct. Civ. No. 2012-0016, and this Court, in a February 24, 2012 Order, required Island Tile

to show cause as to why its petition should not be dismissed for lack of jurisdiction.[5] While this Court considered the parties' jurisdictional briefs, Island Tile moved the Superior Court to re-issue the February 10, 2012 Opinion and Order, which it did on June 22, 2012. Island Tile timely filed a new petition for permission to appeal on June 27, 2012, which this Court docketed as S.Ct. Civ. No. 2012-0050. This Court, in a June 27, 2012 Order, dismissed the February 23, 2012 petition as moot, and on July 18, 2012 accepted jurisdiction over the renewed and timely filed petition to resolve the four issues the Superior Court certified for immediate interlocutory appeal.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"Whenever [a] Superior Court judge, in making a civil action or order not otherwise appealable . . . is of the opinion that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, the judge shall so state in the order," and "[t]he Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after entry of the order." 4 V.I.C. § 33(c). Since the Superior Court made such a certification in its June 22, 2012 Opinion and Order, and Island Tile timely filed its petition on June 27, 2012, this Court possesses jurisdiction over this appeal by permission, based on this Court's July 18, 2012 Order granting the petition.

Generally, the standard of review for this Court's examination of the Superior Court's application of law is plenary. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). However, this Court reviews the grant or denial of a motion for reconsideration only for abuse of discretion. *Harvey v. Christopher*, 55 V.I. 565, 578 (V.I. 2011); *In re*

---

[5] Pursuant to statute, Island Tile was required to file its petition "within ten days after the entry of the [Superior Court's] order." 4 V.I.C. § 33(c). Although Island Tile received an automatic one day extension of time because the tenth day fell on Presidents Day — a legal holiday, *see* 1 V.I.C. § 171 — its February 23, 2012 petition was nevertheless filed two days late.

*Hartlage*, 54 V.I. 446, 453-54 (V.I. 2010). The Superior Court abuses its discretion when it makes a decision that "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012) (quoting *Stevens v. People*, 52 V.I. 294, 304 (V.I. 2009).

### B. The Four Issues Certified for Immediate Review

In its June 22, 2012 Opinion and Order, the Superior Court certified the following four questions for immediate appeal to this Court:

(1) [W]hether Rule 54(b) of the Federal Rules of Civil Procedure is the correct standard to apply to a Motion for Reconsideration when the Order that is being reconsidered is not a final order because the litigation has not been terminated as to all parties and the Order has not been declared subject to the Collateral Order Doctrine; and

(2) [W]hether an employer must comply with all of the statutory provisions of the Workers Compensation Act in order to be considered an insured employer; and

(3) [W]hether [the Superior] Court used the proper standard when considering as true, the new evidence presented by the Plaintiff in its Motion for Reconsideration, which was based on sworn testimony and documents provided to the Court that were uncovered during discovery; and

(4) [W]hether [the Superior] Court had the authority to reconsider one of its Orders granting a stipulation of dismissal between the Plaintiff and Defendant.

(J.A. 470.) Notwithstanding the Superior Court's numbering, we proceed by first addressing Questions #4, #1, and #3, since it would be inappropriate for this Court to resolve Question #2 if the Superior Court lacked authority to set aside its April 6, 2010 Order or applied the incorrect legal standard. For the reasons that follow, we hold that the Superior Court correctly held that it possessed the authority to modify the April 6, 2010 Order, that Federal Rule 54(b) represented the appropriate legal standard for determining whether modification was appropriate, that it did not abuse its discretion when it granted the Estate's motion and vacated the April 6, 2010 Order, and that it correctly interpreted the VIWCA.

## 1. Question #4

■ Although the Superior Court certified Question #4 for immediate interlocutory appeal, binding precedent clearly controls the issue. Every appellate court to consider the question has held that, absent any explicit statutory or constitutional authority to the contrary, the common law confers trial courts with the discretion to revise any interlocutory order at any time prior to entry of a final judgment. *See United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("[T]he power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized as within the plenary power of courts until entry of final judgment. . . ."); *see also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure."). Thus, as the United States Supreme Court has observed, *"every* order short of a final decree is subject to reopening at the discretion of the [trial] judge." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (emphasis added). Therefore, so long as the Superior Court possesses the authority to issue an order granting or denying relief, it unquestionably possesses the authority to alter its decision prior to entry of judgment.

■ That said, the Superior Court does not always possess the authority to grant or deny relief. Ordinarily, stipulations between the parties to a lawsuit are ineffective until and unless they receive the court's approval. *See Rivera-Mercado v. General Motors Corp.*, 51 V.I. 307, 318, 324-26 (V.I. 2009) (Swan, J., concurring). Federal Rule 41(a)(1), however, establishes that certain stipulations for voluntary dismissal become binding on the parties immediately without court approval:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> (ii) a stipulation of dismissal signed by all parties who have appeared.

FED. R. CIV. P. 41(a)(1)(A). In contrast, Federal Rule 41(a)(2) explicitly provides that all other attempts to voluntarily dismiss a civil case require approval from the trial court:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2).

 Federal courts have consistently held that Federal Rule 41(a)(1)(A)(i), by its own terms, automatically terminates the litigation upon its mere filing by the parties. As one learned treatise explains,

> [a] voluntary dismissal under FED. R. CIV. P. 41(a)(1)(A)(i) is effected by the filing of a notice of dismissal with the clerk of court. Filing of the notice of dismissal automatically terminates the suit and itself closes the file. The plaintiff need not even serve or otherwise notify the defendant of the filing of the notice of dismissal in order to make it effective. Any further action or order by the court is neither necessary nor of any effect. The only function that a court might perform under FED. R. CIV. P. 41(a)(1)(A)(i) is to determine, should the question arise, whether an answer or motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal.
>
> The label placed on the paper filed by the plaintiff is of no significance, so that if a plaintiff is entitled to dismiss as of right under FED. R. CIV. P. 41(a)(1)(A)(i), the fact that the plaintiff files a "motion to dismiss" rather than a notice of dismissal, or cites FED. R. CIV. P. 41(a)(2) as authority for the dismissal, has no effect on the right to dismiss as a matter of right. A notice of dismissal filed by a plaintiff under FED. R. CIV. P. 41(a)(1)(A)(i), which does not specify to which defendants dismissal is to apply, has the effect of dismissal of suit as to all defendants, and since suit is no longer pending, the filing of an amended notice of dismissal is ineffective to undo the original dismissal.

27A Tracy B. Farrell et al., Fᴇᴅ. Pʀᴏᴄ., L. Eᴅ. § 62:498 (2012) (footnotes omitted). The same principles apply to a stipulation filed pursuant to Federal Rule 41(a)(1)(A)(i):

> [s]o long as the provisions of Fᴇᴅ. R. Cɪᴠ. P. 41(a)(1)(A)(ii) are complied with, entry of a stipulation of dismissal ordinarily is automatically effective and does not require the court's approval.
>
> The court is powerless to condition stipulated dismissal upon the retention of jurisdiction, as such dismissal terminates the court's jurisdiction. However, if a plaintiff files a stipulation of dismissal signed by all parties and places conditions upon the dismissal, the court may refuse to dismiss upon the limited terms and conditions named by the plaintiff. Additionally, where a stipulated dismissal is filed, a court is authorized to set forth the settlement contract in its dismissal order or, if the parties agree, the court may retain jurisdiction over the settlement contract. In certain circumstances, a court may also retain jurisdiction over a motion for costs and attorney's fees following a stipulated voluntary dismissal of an action.

27A Farrell, *supra*, Fᴇᴅ. Pʀᴏᴄ., L. Eᴅ. § 62:506 (footnotes omitted). In other words, if a plaintiff effectuates an unconditional voluntary dismissal pursuant to Federal Rules 41(a)(1)(A)(i) or (ii), the action terminates immediately upon filing the appropriate notice with the Clerk of the Superior Court, and neither the judge nor the plaintiff will possess the ability to undo the dismissal.

■ In this case, the stipulation between the Estate and Island Tile required the approval of the Superior Court to become effective. We recognize that Federal Rule 41(a)(1)(A)(i) grants a plaintiff the unfettered right to voluntarily dismiss a complaint against a single defendant prior to the filing of an answer or a motion for summary judgment, and in this case Island Tile had only filed a motion to dismiss, which is ordinarily ineffective to preclude a dismissal under this provision. *See, e.g., In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008) ("Because a motion to dismiss under Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice."); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) ("[W]e have consistently held that Rule 41(a)(1) means what it says"). However, this Court has repeatedly held

"that the substance of a motion, and not its caption, shall determine under which rule that motion is construed." *Joseph v. Bureau of Corrections*, 54 V.I. 644, 648 n.2 (V.I. 2011) (quoting *Chavayez v. Buhler*, S.Ct. Civ. No. 2007-0060, 2009 V.I. Supreme LEXIS 26, at *3 n.1 (V.I. June 25, 2009) (unpublished)); *see also Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988). Therefore, even though Island Tile styled its filing as a motion to dismiss, this does not, in and of itself, cause that motion to arise pursuant to Federal Rule 12(b)(6). *See, e.g., Harris v. Garcia*, S.Ct. Civ. No. 2008-0082, 2010 V.I. Supreme LEXIS 3, at *7 (V.I. Jan. 14, 2010) (unpublished) ("[T]he fact that Harris expressly invoked LRCi 7.3 . . . does not . . . result in LRCi 7.3 governing the disposition of Harris's motion. . . . [The] motions . . . possess the formal trappings and serve the purpose of a motion to set aside a judgment provided for by Superior Court Rule 50.").

■■ Pursuant to Federal Rule of Procedure 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." (emphasis added). In its motion, Island Tile expressly contended that the Superior Court should dismiss its claim because it was an insured employer under the VIWCA, and therefore immune from suit. As we explain in more detail below in our consideration of Question #2, an employer's status as an insured employer under the VIWCA is a mixed question of law and fact. *See* 24 V.I.C. § 273(d) ("On receipt of payment, the Commissioner of Finance shall forward to the employer a receipt which shall be *prima facie evidence* of said payment of the premium and *insurance coverage*.") (emphases added); *Meeker v. Lehigh Valley R.R. Co.*, 236 U.S. 412, 430, 35 S. Ct. 328, 59 L. Ed. 644 (1915) (stating that use of the phrase "prima facie evidence" in a statute "only establishes a rebuttable presumption," and "cuts off no defense, interposes no obstacle to a full contestation of all the issues, and takes no question of fact from either court or jury."). *See also Doughty v. Work Opportunities Unlimited/Leddy Grp.*, 2011 ME 126, 33 A.3d 410, 413 (2011) (holding employment status for purposes of workers' compensation law is a mixed question of law and fact); *Napper v. ABM Janitorial Servs-Mid Atl., Inc.*, 284 Va. 55, 726 S.E.2d 313, 316 (2012) (holding whether entity is statutory employee under workers' compensation law is a mixed question of law and fact).

■ We recognize that Island Tile did not attach a copy of its "Certificate of Government Insurance" or accompany its motion with affidavits or other documents. However, a party need not actually attach admissible evidence to present the court with "matters outside the pleadings," for unsworn representations of counsel as to factual matters — which are not themselves evidence, *see Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011) — are sufficient to transform a Federal Rule 12(b)(6) motion to a Federal Rule 56 motion pursuant to Federal Rule 12(d). *See McAuley v. Fed. Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007) ("Such 'matters outside the pleadings' include . . . statements of counsel at oral argument raising new facts not alleged in the pleadings."). Consequently, since the Estate's complaint had not conceded that Island Tile was an insured employer under the VIWCA and — in fact — did not contain any factual allegations relevant to determining Island Tile's status as an insured or uninsured employer, the representations in Island Tile's motion that it was insured under the VIWCA unquestionably required the Superior Court to consider "matters outside the pleadings," transforming it into a motion for summary judgment. Therefore, since Island Tile had filed a motion for summary judgment before the parties filed their joint stipulation, the stipulation did not become binding upon filing pursuant to Federal Rule 41(a)(1)(A)(i).

■ Likewise, the fact that the Estate and Island Tile both signed the stipulation did not render it effective without a court order under Federal Rule 41(a)(1)(A)(ii). As noted above, Federal Rule 41(a)(1)(A)(ii) requires that a stipulation contain the signatures of "all parties who have appeared." By its own terms, this requires the signature of *every* defendant who has appeared in a multi-defendant litigation, as well as any third party defendants and intervenors. *See* 27A Farrell, *supra*, FED. PROC., L. ED. § 62:508 (collecting cases). Consequently, the stipulation did not qualify for treatment as a unanimous instrument under Federal Rule 41(a)(1)(A)(ii).

■ Since the stipulation for dismissal does not fall within the limited exceptions established in Federal Rules 41(a)(1)(A)(i) and (ii), the stipulation fell within the purview of Federal Rule 41(a)(2), and thus could not become effective without court approval. Accordingly, because the Superior Court possessed the authority to enter an order granting or denying the stipulation, it also had the authority to modify or set aside the

order prior to entry of a final judgment. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 12.

## 2. Question #1

■■■■■ Having concluded that the Superior Court could alter the April 6, 2010 Order, this Court may address the first certified question, which relates to whether the Superior Court correctly applied Federal Rule 54(b) to the Estate's motion. Again, we conclude that the Superior Court fully complied with established precedent from this Court. As the Superior Court correctly recognized in its June 27, 2011, February 10, 2012, and June 22, 2012 Opinions, this Court previously held in *Hagley* that Federal Rule 54(b) represents the applicable legal authority the Superior Court should apply to determine whether it should exercise its discretion to revise or otherwise alter a prior interlocutory order:

> Rule 59(e), however, is inapplicable in the instant matter. This rule governs the opening of *final* judgments and "rel[ies] on the existence of a judgment as defined in Rule 54(a)." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2651 (1998). Rule 54(a) defines a judgment as "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). The Rule embraces two different types of orders: (1) any final decision from which an appeal is permitted, and (2) any appealable interlocutory order. *See* 10 Charles A. Wright et al., at § 2651, *supra*. "Even though denominated a 'judgment,' a nonappealable partial or interlocutory summary judgment under Rule 56 does not qualify as a judgment under Rule 54(a)." *Id.*

> In the instant matter, the trial court's entry of summary judgment was limited to the Ellick Appellees. Rule 54(b) provides, in pertinent part, that "any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b). "Absent certification under Rule 54(b) any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." 10

Charles A. Wright et al., at § 2654. Additionally, "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006). Therefore, although the trial court entered summary judgment in favor of the Ellick Appellees, the judgment was not final and immediately appealable. Because the entry of summary judgment in favor of the Ellick Appellees was not final until it was certified pursuant to Rule 54(b), Rule 59(e) was inapplicable to the Motion for Reconsideration, and the trial court was not prohibited from granting Appellant additional time to file the motion. "[W]hen a party seeks reconsideration of an order or other decision not amounting to a final judgment ... it [is] within the [trial] court's discretion to extended [sic] the 10-day time limit as provided by Local Rule 7.4." *Bostic v. AT & T of the V.I.*, 312 F.Supp.2d 731, 734, 45 V.I. 553 (D.V.I. 2004). The trial court therefore acted within its discretion and did not err when it extended Appellant's time to move for reconsideration of the summary judgment order.

2007 V.I. Supreme LEXIS 8, at *6 (emphasis in original).

██ █ Notwithstanding this explicit language in *Hagley*, Island Tile contends — as it did in the Superior Court proceedings — that this Court's subsequent *Beachside Associates* decision mandates application of Federal Rule 60(b) through Superior Court Rule 50. However, Island Tile's argument is completely unsupported by the plain text of the applicable legal authorities. Superior Court Rule 50, by its own terms, applies to "*judgment* by default or *judgment* after trial or hearing." (emphasis added). Although neither the Superior Court Rules nor the Virgin Islands Code define the term "judgment," Black's Law Dictionary defines it as "[a] court's *final determination* of the rights and obligations of the parties in a case" or, in the alternative, "any order from which an appeal lies." BLACK'S LAW DICTIONARY 918 (9th ed. 2009) (emphasis added). This is consistent with Federal Rule 54(a), which defines a "judgment" as "any order from which an appeal lies." Thus, courts have consistently held that if an order qualifies for immediate appeal under the collateral order doctrine, it is a "judgment" for purposes of Federal Rule 54(a) which may be altered or amended through a timely motion under Federal Rule 59 or set aside through a Federal Rule 60 motion. *See, e.g.,*

615

*United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992). It is for this reason that this Court applied Superior Court Rule 50, and by extension Federal Rules 59 and 60, in *Beachside Associates* — an appeal of an order made final by virtue of the collateral order doctrine — but rejected Federal Rule 59 in favor of Federal Rule 54(b) in *Hagley*, an attempted appeal of a non-final order. Therefore, the Superior Court committed no error when it held that Federal Rule 54(b) governed the Estate's motion to set aside the April 6, 2010 Order.

### 3. Question #3

▇▇▇ The third certified question, however, presents a substantially more difficult issue for analysis. Ordinarily, a trial court may grant relief under Federal Rule 54(b) if doing so would be "consonant with justice." *See Jerry*, 487 F.2d at 605; *see also Capitol Sprinkler Inspection, Inc. v. Guest Services, Inc.*, 630 F.3d 217, 227, 394 U.S. App. D.C. 73 (D.C. Cir. 2011) (citing *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22-23 (1st Cir. 1985)). Federal appellate courts, however, are split as to what circumstances justify altering an interlocutory order in furtherance of "justice." *Compare Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 171 (5th Cir. 2010) (a "trial court [is] free to reconsider and reverse [interlocutory orders] for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.") *with Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (holding that power to grant Federal Rule 54(b) relief must be balanced with law of the case doctrine, and thus court should not alter interlocutory orders in the absence of "good reason," the major grounds being "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") *and Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (holding "some new development" must occur to warrant setting aside the law of the case doctrine in favor of granting Federal Rule 54(b) relief). *See also Moore v. Hartman*, 332 F. Supp. 2d 252, 257 n.7 (D.D.C. 2004) (surveying circuit split that has developed with respect to what circumstances warrant Federal Rule 54(b) relief); 18B Charles A. Wright et al., at § 4478.1 (analyzing tension between law of the case doctrine and Federal Rule 54(b)). In this case, however, the Superior Court unambiguously stated that it set aside the stipulated dismissal based on new evidence the Estate uncovered during

the discovery process. (J.A. 466.) Consequently, it is not necessary for this Court to, as part of this appeal, determine the limits of the Superior Court's authority to alter a prior interlocutory order, since all jurisdictions agree that the availability of new evidence may justify granting relief under Federal Rule 54(b).

■■■ But as Island Tile suggests in its brief, the "as justice requires" standard for granting Federal Rule 54(b) relief is *in addition* to the legal standard that governed the underlying order that the movant requests the trial court to revise. For instance, if a party requests a trial court to set aside, pursuant to Federal Rule 54(b), a prior dismissal for failure to state a claim pursuant to Federal Rule 12(b)(6), it is not sufficient to simply provide the trial court with new evidence — rather, the movant must demonstrate that the evidence, had it been previously available to the trial court at the time, would have justified denying the Federal Rule 12(b)(6) motion. *See, e.g., WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 (9th Cir. 2011) (holding Federal Rule 54(b) permits setting aside prior Federal Rule 12(b)(6) dismissal of fraud claim if subsequently discovered evidence shows defendants participated in fraud); *Lewis v. U.S. Dept. of Justice*, 867 F. Supp. 2d 1 (D.D.C. 2011) (denying Federal Rule 54(b) relief based on new evidence when that new evidence has no bearing on the reason trial court dismissed the case).

■■■ The Superior Court explicitly recognized this principle in its June 27, 2011 Opinion, when it stated that "[t]he [Superior] Court may not do in an order granting a Motion for Reconsideration what it could not have done in an Opinion . . . approving a Stipulation." *Bertrand*, 55 V.I. at 277. However, while the June 27, 2011 Opinion acknowledged that the April 6, 2010 Order had approved a stipulation of dismissal brought pursuant to Federal Rule 41(a)(2), the subsequent February 10, 2012 and June 22, 2012 Opinions explicitly state that the Superior Court applied Federal Rule 12(b)(6) when it granted the Estate's Federal Rule 54(b) motion and permitted her to re-file her claims against Island Tile. (J.A. 467.) As Island Tile heavily emphasizes in its brief, the April 6, 2010 Order did not adjudicate a motion by Island Tile to dismiss the Estate's claims against it for failure to state a claim pursuant to Federal Rule 12(b)(6); rather, the April 6, 2010 Order granted a stipulation of dismissal with prejudice jointly filed by the Estate and Island Tile pursuant to Federal Rule 41(a)(2). Therefore, the Superior Court committed error to the extent it applied Federal Rule 12(b)(6) to its analysis of whether Federal Rule

54(b) warranted revision of an order entered pursuant to Federal Rule 41(a)(2). Nevertheless, for the reasons set forth below, we ultimately conclude that the error is harmless. *See* V.I.S.Ct.R. 4(i) ("No error or defect in any ruling or order or in anything done or omitted by the Superior Court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").

■ While federal appellate courts have not spoken with one voice as to the extent of a trial court's authority to revise an interlocutory order pursuant to Federal Rule 54(b), they have clearly and unambiguously delineated a trial court's discretion to accept, modify, or reject a stipulation for dismissal arising under Federal Rule 41(a)(2). Although a voluntary dismissal under Federal Rule 41(a)(2) requires court approval, every appellate court has held that the main purpose of this requirement is to prevent voluntary dismissals which unfairly affect the rights of the defendant. *See* 27A Farrell, *supra*, FED. PROC., L. ED. § 62:509 (collecting cases from First, Fifth, Eighth, Tenth, and Eleventh Circuits); 9 Charles A. Wright et al., at § 2364 (collecting cases from First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits). Thus, Federal Rule 41(a)(2) does not abrogate the rule that in "ordinary litigation, that is, lawsuits brought by one private party against another private party that will not affect the rights of any other persons, settlement of the dispute is solely in the hands of the parties." *United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir. 1980).

■ A trial court's power to review a Federal Rule 41(a)(2) stipulation is even more circumscribed when a plaintiff seeks to dismiss a claim with prejudice, since there is no possibility that a dismissal with prejudice will harm the defendant because it serves as an adjudication on the merits that precludes re-litigation in another forum. Accordingly, under normal circumstances, "when a plaintiff wishes to dismiss with prejudice . . . the [trial] court has *no discretion* to refuse such a dismissal." 9 Charles A. Wright et al., at § 2364 (emphasis added) (collecting cases). *See also Smoot v. Fox*, 340 F.2d 301, 302 (6th Cir. 1964) ("No case has been cited to us, nor have we found any, where a plaintiff, upon his own motion, was denied the right to dismiss his case with prejudice.").

██ ██ The circumstances where a court may vacate an order approving a stipulation for dismissal with prejudice are even narrower. As one trial judge observed in denying a plaintiff's Federal Rule 54(b) motion to withdraw a joint stipulation of dismissal with prejudice,

> The court also rejects the suggestion that Rule 54(b) permits amendment of the stipulation and order of dismissal. . . . The fact that the rule states that orders other than final judgments may be revised at any time does not answer the question of whether this particular stipulation and order of dismissal may be revised. [Plaintiff] does not seek amendment of an order of court; it asks the court to vacate a stipulation of dismissal with prejudice entered into by [plaintiff] and [a defendant]. No rule of civil procedure permits such a result. In "ordinary litigation," the court plays no role in approving any settlement proposals. This court is not empowered to vacate or amend the stipulation entered into by the parties. . . .

*Citibank, N.A. v. Data Lease Fin. Corp.*, 700 F. Supp. 1099, 1103 (S.D. Fla. 1988) (citations omitted). In other words, as the Superior Court recognized in this case, a court "may not do in an order granting a Motion for Reconsideration what it could not have done in an Opinion . . . approving a Stipulation." *Bertrand*, 55 V.I. at 277.

██ Nevertheless, a trial court may, in certain instances, exercise its discretion to deny a Federal Rule 41(a)(2) stipulation, even if the dismissal is with prejudice. The quintessential situation where the trial court should independently review a plaintiff's decision to voluntarily dismiss or settle[6] a cause of action is when the plaintiff commenced a lawsuit to vindicate the legal rights of others. For instance, the Superior Court must review the settlement of a lawsuit brought by a parent on

---

[6] Although the Estate and Island Tile correctly characterize their stipulation as arising under Federal Rule 41(a)(2), we note that — unlike a typical stipulation for voluntary dismissal — it appears that Island Tile provided consideration, in the form of agreeing to bear its own costs, which it would have been entitled to seek as a prevailing party pursuant to title 5, section 541 of the Virgin Islands Code if the Estate had unilaterally obtained a voluntary dismissal. While section 541(b) precludes a prevailing party from obtaining an attorney's fee award in personal injury cases unless the complaint is frivolous, no similar limitation exists with respect to the other types of costs authorized by the statute. Nevertheless, since the same legal standard would govern regardless of whether the parties' joint stipulation constituted a settlement agreement, we find it to be a distinction without a difference.

behalf of her minor children to determine if it is in the best interest of the minors. *See Rojas v. Two/Morrow Ideas Enters., Inc.*, 53 V.I. 684, 692-93 (V.I. 2010). Likewise, trial courts possess the obligation to scrutinize the proposed voluntary dismissal or settlement of other cases where a plaintiff acts as a representative for a larger group — such as in class actions and shareholder derivative suits — or where the decision to settle or dismiss affects the rights of third parties, such as proposed compromises of claims in bankruptcy court or consent decrees in antitrust suits. *See City of Miami*, 614 F.2d at 1330 (collecting cases).

The Superior Court possesses the same active role in reviewing a voluntary dismissal or settlement when a personal representative files a wrongful death action under section 76 of title 5 of the Virgin Islands Code. Pursuant to that statute, the personal representative prosecutes a wrongful death action "for the benefit of the decedent's survivors and estate," 5 V.I.C. § 76(d), and each survivor is entitled to an individualized damages award in addition to the amount awarded to the estate itself. 5 V.I.C. § 76(e)(1)-(6). Additionally, "[a]ll awards for the decedent's estate are subject to the claims of creditors who have complied with the requirements of probate law concerning claims." 5 V.I.C. § 76(e)(7). Moreover, the statute explicitly authorizes any survivor to object to a settlement by the personal representative. 5 V.I.C. § 76(i).

Had Mrs. Bertrand sued Island Tile in her personal capacity, and stipulated to dismiss Island Tile with prejudice under Federal Rule 41(a)(2), the Superior Court would lack the authority to determine whether the stipulation represented a "good deal" or to otherwise interfere with her decision. Consequently, the Superior Court also could not interfere with the stipulation under Federal Rule 54(b), since it could not exercise greater powers under Federal Rule 54(b) than it could when faced with the original Federal Rule 41(a)(2) stipulation.

But it is the Estate, and not Mrs. Bertrand, that is the plaintiff in this case. While Mrs. Bertrand signed the complaint, she did so in her capacity as personal representative for her deceased son's estate, which consists not only of herself, but her son's father, brother, and sister. By agreeing to a dismissal with prejudice — which "constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial," *see Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) — Mrs. Bertrand not only eliminated her own legal right to pursue these claims against Island Tile, but precluded her son's other relatives

from doing so as well. An estate does not receive all of the proceeds from a successful wrongful death lawsuit; each surviving family member — even those who might not necessarily be entitled to receive a distribution from the estate[7] — obtains an individualized award in addition to whatever is ultimately awarded to the estate. 5 V.I.C. § 76(e)(1)-(6). Thus, the Superior Court was required to serve as a guardian for the interests of the absent relatives and independently review the stipulation for adequacy. *See, e.g., City of Miami*, 614 F.2d at 1331.

The Superior Court's obligation to independently review the Federal Rule 41(a)(2) stipulation, when combined with the requirement that it grant relief under Federal Rule 54(b) if doing so would be "consonant with justice," *Jerry*, 487 F.2d at 605, leads us to conclude that the Superior Court correctly granted the Estate's motion notwithstanding its improper invocation of Federal Rule 12(b)(6) in its February 10, 2012 Order. Since the standard of review for the denial of a "motion for reconsideration" — whether under Federal Rule 54(b), Superior Court Rule 50, or LRCi 7.3 — is abuse of discretion, this Court may affirm the Superior Court notwithstanding application of the wrong legal standard only if there is no set of circumstances, based on the record before it, under which Superior Court could have properly denied the motion without abusing its discretion if the correct legal standard were applied. *See Harris*, 2010 V.I. Supreme LEXIS 3, at *13 (outright reversing Superior Court's denial of motion for reconsideration, rather than remand for consideration under Superior Court Rule 50 instead of LRCi 7.3, when "the Superior Court could not have denied [the] motion on other grounds without also abusing its discretion.").

We find that this is among the very rare cases in which there is simply no way that the Superior Court could have denied the Estate's motion under the proper legal standard. As the Third Circuit has explained, "a trial judge has the discretion to reconsider an issue and

---

[7] Section 76(b)(1) of title 5 includes "parents" and "any blood relatives and adoptive brothers and sisters" within the definition of "survivors" who may recover for wrongful death, and section 76(d) requires the personal representative to initiate a wrongful death action "for the benefit of the decedent's survivors and estate." However, an individual who executes a will is under no obligation to bequeath property to every single one of his blood relatives, even close relatives such as his parents and siblings. Consequently, section 76 requires the personal representative of an estate to initiate a wrongful death action even on behalf of individuals who may not be entitled to receive any distribution from the estate.

should exercise that discretion whenever it appears that a previous ruling, even if unambiguous, *might* lead to an unjust result." *Swietlowich v. Cnty. of Bucks*, 610 F.2d 1157, 1164 (3d Cir. 1979) (emphasis added). Moreover,

> [t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively. It must afford the parties notice of and an opportunity to be heard on the appropriateness of reconsideration, must explain on the record the reasons for altering the prior order if that is its decision, and must "take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling." Moreover, the stated rationale for the reconsideration must under all the circumstances provide reasonable justification for departure from "the practice of courts generally to refuse to reopen what has been decided."

*In re Anthanassious*, 418 Fed.Appx. 91, 95-96 (3d Cir. 2011) (internal citations omitted).

Here, the Superior Court properly safeguarded Island Tile's due process rights, in that it permitted Island Tile to file an opposition to the Estate's initial motion, and considered the arguments in that motion when it rendered its decision. While Island Tile is correct that a trial judge faced with a Federal Rule 54(b) motion should weigh the evidence rather than accepting all of the movant's factual allegations as true, the fact remains that the *only* evidence before the Superior Court supported the Estate's claim that Island Tile made false representations that induced the Estate to agree to the stipulation. Notably, Island Tile chose, in its opposition, to simply argue (1) that Superior Court Rule 50 and Federal Rule 60(b) governed the motion and that this standard was not met, and (2) that the Estate's evidence was "innocuous" because its Certificate of Government Insurance Coverage conclusively established that it was an insured employer. As we explain in our answers to Question #1, *supra*, and to Question #2, *infra*, the Superior Court correctly held both that Superior Court Rule 50 and Federal Rule 60(b) were inapplicable to the Estate's motion, and that a Certificate of Government Insurance Coverage does not conclusively establish one's status as an insured employer. While Island Tile was certainly entitled to raise these arguments before the Superior Court, its decision to oppose the Estate's motion solely on those grounds — rather than submit its own evidence countering the Estate's

false representation argument — was not without risk, in that, after rejecting Island Tile's legal arguments, the Superior Court would have to rule on the Estate's motion based solely on the evidence in the record. On the contrary, Island Tile included, along with an opposition, a copy of a letter from its counsel to the Estate's counsel, dated March 3, 2009, in which Island Tile's counsel represented that "it is clear that worker's compensation is the sole and proper remedy against Island Tile" and that Island Tile would move for attorney's fees and costs if the Estate did not agree to the stipulation of dismissal. (J.A. 346.) In other words, the only material evidence Island Tile submitted to the Superior Court actually bolstered the Estate's claim that it had entered into the Federal Rule 41(a)(2) stipulation based on misrepresentations from Island Tile.

Under these circumstances, the Superior Court had no choice but to credit the factual materials the Estate filed with its motion. While the Superior Court could, even when faced with uncontradicted evidence, nevertheless reject it as not credible, the Superior Court explicitly described the Estate's evidence as "reliable" in its February 10, 2012 Opinion. (J.A. 467.) Moreover, we cannot ignore that the Estate submitted overwhelming evidence consisting of sworn deposition testimony — including from Cordiner, Island Tile's sole owner and manager — and documents Island Tile had filed with the Commissioner of Finance that plainly contradicted the W-2 Forms which Island Tile submitted to the Bureau of Internal Revenue. Given the nature of this evidence, as well as Island Tile's failure to supplement the record with any contrary evidence of its own, it would have been a clear abuse of discretion for the Superior Court to hold that the Estate failed to bring forth sufficient evidence that the April 6, 2010 Order might have led to an unjust result.

Similarly, we find that the Superior Court took the appropriate measures to minimize the prejudice to Island Tile as a result of its ruling. First, after it fully explained its rationale, the Superior Court permitted Island Tile to file its own motion for reconsideration of its decision to grant relief under Federal Rule 54(b). Again, however, Island Tile failed to submit any material evidence of its own showing that the Superior Court should not have granted Federal Rule 54(b) relief, but instead reiterated the legal arguments that the Superior Court previously considered and rejected, including its claim that Superior Court Rule 50 and Federal Rule 60(b) were the correct legal standards. But perhaps most importantly, the Superior Court explicitly held that, in deciding to grant

Federal Rule 54(b) relief, it "need not consider whether any party committed fraud upon another party or this Court," for Federal Rule 54(b) required a far lower standard for setting aside a prior order. *Bertrand*, 55 V.I. at 276. In fact, the Superior Court emphasized that it "is not deciding at this stage whether Island Tile was insured," but rather setting aside the April 6, 2010 Order so that the Estate could reinstate its lawsuit against Island Tile. *Id.* at 283-84. In other words, the Superior Court has not conflated the ancillary issue of whether the Estate is entitled to relief under Federal Rule 54(b) with the larger issue of whether Island Tile is liable to the Estate on the merits of its claims.

Thus, while the Superior Court erred when it appeared to apply Federal Rule 12(b)(6) to its consideration of the Estate's motion, we do not hesitate to find the error harmless in light of the uncontradicted evidence in the record establishing the Estate's entitlement to Federal Rule 54(b) relief. *See* V.I.S.CT.R. 4(i). Accordingly, the Superior Court did not abuse its discretion when it set aside its April 6, 2010 Order and permitted the Estate to re-file its causes of action against Island Tile.

*4. Question #2*

 Finally, having established that the Superior Court had the authority to reconsider its order granting the stipulation for dismissal with prejudice, that Federal Rule 54(b) is the correct rule to apply to an interlocutory order, and that the trial judge appropriately exercised his discretion, we now address the final certified question:

> [W]hether an employer must comply with all of the statutory provisions of the Workers Compensation Act in order to be considered an insured employer.

(J.A. 470.) For the reasons which follow, we answer the question in the affirmative.

 As explained earlier, a Certificate of Government Insurance Coverage constitutes "prima facie evidence" that an employer is insured under the VIWCA. *See* 24 V.I.C. § 273(d). "The Virgin Islands Legislature has instructed that . . . '[t]echnical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning.' " *Defoe v. Phillip*, 56 V.I. 109, 121 (V.I. 2012)

(quoting 1 V.I.C. § 42). The term "prima facie evidence" is such a term of art, and means "[e]vidence that will establish a fact or sustain a judgment *unless contradictory evidence is produced.*" BLACK'S LAW DICTIONARY 638-39 (9th ed. 2009) (emphasis added). *See also Meeker*, 236 U.S. at 430 (stating that prima facie evidence "only establishes a rebuttable presumption."). Therefore, since the Legislature has decreed that a Certificate of Government Insurance Coverage only establishes "prima facie evidence" — as opposed to "conclusive evidence"[8] — of one's status as an insured employer, the Superior Court correctly rejected Island Tile's argument that the Estate could not proceed with its claims against it simply because it received a Certificate of Government Insurance Coverage.

■ Because issuance of a Certificate of Government Insurance Coverage only establishes a rebuttal presumption that an employer is insured under the VIWCA, we must ascertain what criteria must be met to obtain status as an insured employer. We hold that the VIWCA simply means what it says: "[e]very employer who has not filed the required reports and paid the premium due to which this section refers within the term herein fixed shall be considered an uninsured employer." 24 V.I.C. § 272(c).

While the parties have requested this Court to address numerous other issues relating to the VIWCA — such as the meaning of "required reports" and "premium due," as well as the proper interpretation of section 261(b)(1) of title 24 — we emphasize that the Superior Court certified a very specific question to this Court, as quoted above. As noted earlier, section 33(c) of title 4 limits our jurisdiction over this appeal by permission solely to the questions presented by the Superior Court and accepted for review by this Court. Consequently, this Court lacks the authority to address these collateral issues that have not been certified pursuant to the section 33(c) procedure. Thus, our silence on these ancillary issues should not be construed as approval or disapproval of the Superior Court's decision — we simply express no opinion on them, just as we express no opinion on the numerous other questions raised by the underlying litigation that have not been certified to us.

---

[8] "Conclusive evidence" is defined as "[e]vidence so strong as to overbear any other evidence to the contrary." BLACK'S LAW DICTIONARY 636 (9th ed. 2009).

## III. CONCLUSION

For the foregoing reasons, we affirm all of the Superior Court's underlying opinions and orders, but only as they relate to the four questions certified to this Court in the Superior Court's June 22, 2012 Opinion and Order pursuant to title 4, section 33(c).