IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

December 18, 2023 03:47 PM
SCT-Civ-2023-0016
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| VIRGIN ISLANDS WATER AND POWER AUTHORITY (WAPA), <br>      Appellant, <br><br> v. <br><br> THEODORE CYPRIAN, as Personal Representative of CRESCENTUS OSCAR, Deceased, <br>      Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **S. Ct. Civ. No. 2023-0016** <br> Re: Super. Ct. Civ. No. 515/2008 (STX) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Douglas A. Brady

Argued: July 11, 2023
Filed: December 18, 2023

Cite as: 2023 VI 15

BEFORE: **RHYS S. HODGE,** Chief Justice; **MARIA M. CABRET**, Associate Justice, and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Patricia Quinland, Esq.**
Virgin Islands Water and Power Authority
St. Croix, U.S.V.I.
    *Attorney for Appellant,*

**Pamela Lynn Colon, Esq.**
Law Office of Pamela Lynn Colon, LLC
St. Croix, U.S.V.I.
    *Attorney for Appellee.*

## OPINION OF THE COURT

**HODGE, Chief Justice.**

¶ 1 We granted the petition of the Virgin Islands Water and Power Authority ("WAPA") for

permission to appeal to this Court to answer the question certified by the Superior Court: whether

the explicit statutory duty imposed on WAPA extended as a duty personal to plaintiff's decedent,

Crescentus Oscar ("Oscar"), on whose behalf this action may be brought alleging WAPA's breach

of that duty to him. Because WAPA has waived its right to argue the issue by failing to address

the certified question, we find that the petition for permission to appeal was improvidently granted,

and we will therefore dismiss the petition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

¶ 2     For the purposes of this appeal, this Court will incorporate the facts as set forth by the

Superior Court:

> On or about February 13, 2007, at approximately 5:37 a.m., Crescentus Oscar operated a 2000 Isuzu Rodeo, eastbound along Queen Mary Highway in St. Croix. At the same time and place, Gunnel Butcher operated a 2003 Jeep Liberty traveling westbound along Queen Mary Highway. Oscar attempted to make a right turn, across the westbound lane of traffic, toward the entrance to the Public Works Department (DPW) parking lot. As Oscar attempted to turn, the left side of his vehicle was struck by the vehicle driven by Butcher. The collision caused injuries to Oscar which resulted in his death on the same day. Butcher testified that he first saw Oscar's car travelling in the opposite direction about 60 feet away, with no turn signal on, and that Oscar turned in front of Butcher when Oscar was too close for him to stop, about one car length away. He did not recall seeing a streetlight on. At the time of the collision both Oscar's headlights and Butcher's headlights were on.
>
> Following the accident, Butcher advised the investigating officer that when he noticed the other vehicle turning in front of him, he attempted to apply his brakes, but could not avoid the collision. At the time of the accident, it was dark, and the only available illumination, apart from vehicle headlights, was from the streetlights in the area. According to Oscar's coworker who observed the incident from the DPW parking lot, the collision occurred before sunrise when "it was very, very dark." There was a WAPA street light "right above the gate" to the parking lot "that for about three months been – it's been ambering [sic]. . . it come on – it will stay on for like, say, 10 minutes, 10, 15 minutes, I'd say, and then it comes off, and it – by the time it comes on, it's like another 15 minutes after that. But when that light goes off, the whole parking lot like where I park was basically darkness." Oscar's coworker "saw him coming in, I sat there, and when he make that right turn, at that time, that's when the light was already off." The same streetlight "was doing the same thing. . . doing the ambering, just coming off every few minutes" about two years earlier and WAPA came to work on the light. Officer Concepcion acknowledged that the road where the incident occurred had been the subject of "a few problems and reports of collisions that nearly occurred because of the darkness

of the area."

The impact caused Oscar's vehicle to be propelled forward approximately fifty feet forward into a mahogany tree. Oscar sustained several injuries which resulted in his death that same day.

¶ 3    On October 24, 2008, Theodore Cyprian, as the personal representative of Oscar, filed suit against WAPA,[1] alleging failure to maintain the streetlight at the scene, failure to recognize the foreseeable risk posed by the malfunctioning streetlight, failure to warn the deceased and others of the danger it created by not maintaining the streetlight, and failure to turn that streetlight on during conditions that warranted its operation. On December 22, 2022, after several years of various pre-trial pleadings and proceedings, the Superior Court denied WAPA's motion for summary judgment, finding that the power company possessed an explicit statutory duty to install and maintain streetlights, which included the duty to use reasonable care in the installation and maintenance of streetlights to provide proper illumination on public roads for the safety of drivers using those roads. Accordingly, the Superior Court found it unnecessary to determine whether the public duty doctrine, invoked by WAPA as allegedly shielding the public entity from liability, constitutes the soundest rule of law for the Virgin Islands.

¶ 4    On January 29, 2023, WAPA filed a motion with the Superior Court requesting that it certify its December 22, 2022 order for immediate appellate review pursuant to 4 V.I.C. § 33(c). On February 1, 2023, the Superior Court certified one question for appeal:

> Whether the explicit statutory duty imposed on WAPA extended as a duty personal to Plaintiff's decedent, on whose behalf this action may be brought alleging WAPA's breach of that duty to him.

---

[1] Appellee also named Gunnel Butcher and his employer, Sun Constructors, Inc., as defendants, both of whom have since been dismissed from the case.

On February 8, 2023, WAPA timely filed a petition for permission to appeal with this Court, and

we granted the petition on April 5, 2023.

## II.     JURISDICTION

¶ 5     "Whenever [a] Superior Court judge, in making a civil . . . order not otherwise appealable.

. . is of the opinion that the order involves a controlling question of law as to which there is

substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of litigation, the judge shall so state in the order" and

"[t]he Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to

be taken from the order, if application is made to it within ten days after entry of the order."  4

V.I.C. § 33(c).  Because the Superior Court amended its order to include the requisite certification,

and WAPA timely filed its petition, this Court possesses jurisdiction over this appeal by

permission, based on this Court's April 5, 2023 order granting the petition.[2]  *See Island Tile &*

*Marble, LLC v. Bertrand*, 57 V.I. 596, 607 (V.I. 2012).

## III.     DISCUSSION

¶ 6     Despite successfully obtaining permission to resolve a specific question on appeal,

WAPA's brief unfortunately does not address it at all.  Instead, WAPA exclusively addresses two

issues in its brief that were not certified for appellate review: (1) whether the streetlight in the area

where the accident occurred is within "the urban and rural residential section" that title 30, section

105(19) of the Virgin Islands Code requires WAPA to maintain, and (2) whether this Court should

adopt the so-called public duty doctrine.

---

[2] Cyprian has made several other arguments attacking jurisdiction governing this appeal, none of
which have merit because WAPA correctly followed the procedure set forth in 4 V.I.C. § 33(c).

¶ 7    The Virgin Islands Legislature established a certification procedure that permits an interlocutory appeal by permission of both the Supreme Court and the Superior Court, as set forth in title 4, section 33(c) of the Virgin Islands Code.  This is the procedure that "governs the certification of interlocutory appeals in the Virgin Islands, for to hold otherwise would effectively divest the Legislature of its authority under the Revised Organic Act of 1954 to determine the jurisdictional limits of Virgin Islands courts." *Stiles v. Yob*, 2016 V.I. Supreme LEXIS 23, at *9 (V.I. June 8, 2016) (unpublished).

¶ 8    Section 33(c) limits the scope of an appeal by permission to the precise question presented by the Superior Court and accepted for review by this Court.  *Island Tile,* 57 V.I. at 626.  Of course, "this Court is not limited solely to the questions as phrased by the Superior Court in its certification order, but may consider other legal questions that are fairly related to or intertwined with the questions so certified." *Edward v. GEC, LLC*, 67 V.I. 745, 759 (V.I. 2017) (collecting cases). However, the situation before us in this appeal is very different from those that have come before: while this Court has in prior cases recognized and exercised its own discretion to reformulate the question to include related or intertwined questions in addition to the question certified, neither the terms of the governing statute nor this Court's prior opinions has ever permitted a party to completely abandon the sole question that had been certified and to seek, instead, appellate disposition of other uncertified issues.

¶ 9    Nor are the issues that WAPA has chosen to brief actually "fairly related" or "intertwined with" the certified question.  Title 30, section 105(19) of the Virgin Islands Code, as amended in 2002, provides WAPA with the authority "to install and maintain adequate streetlights in the urban and residential sections."  WAPA does not dispute that this provision imposes a statutory duty upon it, or that this is a statutory duty owed to plaintiff's decedent.  WAPA instead focuses its

argument on whether the streetlight at issue was located in an "urban and residential section." The issue of whether the accident occurred within "the urban and rural residential section" contemplated by section 105(19) was not addressed by the Superior Court and is—at best—a mixed question of law and fact and thus not the type of issue that can be certified to this Court pursuant to section 33(c). Even if certifiable, whether the accident occurred at "the urban and rural residential section" is wholly irrelevant and completely unrelated to the issue of whether the duty codified by section 105(19) is an individual duty or a duty owed only to the general public. And the question of whether the courts of the Virgin Islands should recognize the so-called public duty doctrine is an issue that was never resolved at all by the Superior Court—in fact, the Superior Court expressly declined to address this issue because it concluded that its determination that section 105(19) established an individual duty rendered the applicability of the public duty doctrine moot.

¶ 10    Because WAPA has not briefed the single question certified for review, that issue is deemed waived. *See* V.I. R. APP. P. 22(m) ("Issues that were (1) not raised or objected to before the Superior Court, (2) raised or objected to but not briefed, or (3) are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal. . ."). Furthermore, since the two issues that WAPA did brief were never even addressed by the Superior Court—let alone certified for immediate appeal—it would be inappropriate for this Court to consider those issues in the first instance, since this would effectively "transform this Court from a court of review to a court of first view." *Atl. Human Res. Advisors, LLC v. Espersen*, 76 V.I. 583, 626 (V.I. 2022). Accordingly, we deem this interlocutory appeal to be forfeited because the parties did not address the question certified to us by the Superior Court. We therefore dismiss it.

## IV.    CONCLUSION

¶ 11    The Superior Court certified—and this Court agreed to hear—a specific, discrete question. Yet WAPA failed to address the certified question in its brief, electing instead to address two issues that were not certified, are not fairly related to the certified question, and in fact were never even considered by the Superior Court on the merits.  Because we cannot condone a party's bait-and-switch tactic in obtaining permission to appeal based on one question and then using that appeal as a vehicle to present completely different questions, we vacate our April 5, 2023 order granting WAPA's petition for permission to appeal as having been improvidently granted and hereby dismiss the instant appeal.

**Dated this 18th day of December 2023.**

                                                    **BY THE COURT:**


                                                    /s/ Rhys S. Hodge___
                                                    **RHYS S. HODGE**
                                                    **Chief Justice**


**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**


**By: /s/ Reisha Corneiro**
          **Deputy Clerk II**

**Dated: December 18, 2023**